IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BEVERLY THROGMORTON, DELORES HENRY, and PATRICIA PHILLIPS, on behalf of themselves and class of others similarly situated,<br><br>     Plaintiffs<br><br> v.<br><br>RUSSELL REYNOLDS, et al.,<br><br>     Defendants. | No. 12-3087 |

## ANSWER TO FIRST AMENDED COMPLAINT

NOW COME the Defendants, RUSSELL REYNOLDS, RUSSELL CRAIG, KIM JOHNSON, CARLITA EDMONSON, PETER LEONETTI, BENNY DALLAS, MONICA SLATER, TROY DAWDY, PAUL PFEIFFER, DOMINIQUE CRUDUP, and ABRAHAM ANDERSON, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby submit Defendants' Answer to Plaintiff's First Amended Complaint. In support thereof, Defendants state as follows:

### INTRODUCTION

1. Defendants admit the allegations are as stated by Plaintiffs Defendants deny Plaintiffs have any meritorious claims in either law or fact.

2. Defendants admit that Housing Units 2 and 4 were shaken down and the offenders were required to be strip searched. Defendants admit that inmates were required to wait in the gymnasium while other offenders were taken in small groups to be strip searched by Logan Correctional staff and IDOC trainees. Defendants deny the remaining allegations contained in this paragraph.

3. Denied.

4.      Defendants admit that trainees participated in the search but deny there was not a legitimate penological purpose for the search independent of trainee participation. Defendants deny the remaining allegations contained in this paragraph.

5.      Denied.

6.      Defendants lack sufficient knowledge to admit or deny Plaintiffs' motivations for filing this case. Defendants deny the allegations.

7.      Defendants admit that jurisdiction is proper over claims brought for violations of the United States Constitution pursuant to 42 U.S.C. §1983. Defendants deny supplemental jurisdiction exists over Plaintiff's state-law claims.

8.      Admitted.

## PARTIES

9.      Defendants admit that Plaintiff Throgmorton is approximately 46 years old, resides in Decatur, and was housed in 2B at Lincoln Correctional Center on March 31, 2011. Defendants deny the remaining allegations contained in this paragraph.

10.     Defendants admit that Plaintiff Henry is approximately 56 years old, is currently in custody of IDOC at Lincoln, and was housed in unit 2B at Lincoln on March 31, 2011. Defendants deny the remaining allegations contained in this paragraph.

11.     Defendants admit that Plaintiff Phillips is approximately 44 years old and was housed in unit 2B at Lincoln on March 31, 2011. Defendants deny the remaining allegations contained in this paragraph.

12.     Defendants admit that Lincoln is a medium security facility that houses approximately 1,000 female offenders. Defendants deny the remaining allegations contained in this paragraph.

13. Defendants admit Defendants Edmonson, Johnson, Leonetti, Dowdy, Pfeiffer, Craig, and Slater were members of the tactical unit at Lincoln and acted under color of law at all relevant times.

14. Defendants admit Defendants Dallas, Anderson, and Crudup were employed at Lincoln on March 31, 2011, and acted under color of law at all relevant times. Defendants that Defendant Dallas held the rank of officer.

15. Admitted.

16. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

17. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

### Facts Relating to the Named Plaintiffs

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendants admit that part of the procedure for strip searching requires inmates to remove tampons and discard them in a garbage can. Defendants deny the remaining allegations contained in this paragraph.

24. Defendants admit that the procedure for strip searching requires inmates to raise their breasts, lift their hair, cough, and spread their buttocks. Defendants deny the remaining allegations contained in this paragraph.

25. Defendants deny the bathroom was unsanitary.

26. Defendants admit that women who were menstruating at the time of the strip search were not given tampons afterwards; they were given pads. Defendants deny the remaining allegations contained in this paragraph.

27. Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

28. Denied.

29. Defendants admit that the procedure for strip searching requires inmates to raise their breasts, lift their hair, cough, and spread their buttocks and that if Plaintiff was strip searched, she would have been required to comply. Defendants deny the remaining allegations contained in this paragraph.

30. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

31. Defendants admit that the procedure for strip searching requires inmates to raise their breasts, lift their hair, cough, and spread their buttocks and that if Plaintiff was strip searched, she would have been required to comply. Defendants deny the remaining allegations contained in this paragraph.

32. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

33. Defendants admit that those subject to the search were required to remain in the gymnasium until all searches were completed. Defendants lack sufficient knowledge to admit or deny the remaining allegations.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

### Class Allegations

39. Admitted.

40. Defendants admit Plaintiffs so request but deny class certification is appropriate at this point.

41. Defendants admit Plaintiffs so request but deny class certification is appropriate at this point.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

### Count I—Claims Pursuant to 42 U.S.C. §1983 Violations of the Fourth and Fourteenth Amendments

47. Defendants incorporate by reference as if fully set forth herein their answers to the foregoing paragraphs.

48. Denied.

49. Denied.

50. Denied.

Defendants deny Plaintiffs are entitled to any relief whatsoever in this cause of action.

**Count II—Claims Pursuant to 42 U.S.C. §1983 Violations Eighth Amendment**

51.     Defendants incorporate by reference as if fully set forth herein their answers to the foregoing paragraphs.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

Defendants deny Plaintiffs are entitled to any relief whatsoever in this cause of action.

**Prayers for Relief**

Defendants deny Plaintiffs are entitled to any relief whatsoever in this cause of action.

**Affirmative Defenses**

1.      To the extent Defendants are sued in their individual capacities, at all times relevant herein, Defendants acted in good faith in the performance of his official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.  Defendants are therefore protected from suit by the doctrine of qualified immunity.

2.      Plaintiffs have to exhaust their administrative remedies as is required prior to filing suit under 42 U.S.C. 1983 by the Prison Litigation Reform Act (42 U.S.C. 1997) and *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

3.      Defendants were performing official discretionary duties in good faith and as such are entitled to Public Official Immunity from individual liability related to Plaintiffs' state law claims.  *People ex. rel. Scott v. Briceland*, 359 N.E.2d 149, 65 Ill.2d 485 (1977); *Larson v. Darnell*, 448 N.E.2d 249, 113 Ill.App.3d 975 (1983).

4.     Defendants' interaction with Plaintiffs leading to this cause of action was entirely the result of Defendants' employment with the State of Illinois. Suits for torts against the State of Illinois are barred from prosecution in state courts by sovereign immunity and may only be brought in the Court of Claims. 745 ILCS 5/1; 705 ILCS 505/8(d).

>
> Respectfully submitted,
>
> RUSSELL REYNOLDS, RUSSELL CRAIG, KIM JOHNSON, CARLITA EDMONSON, PETER LEONETTI, BENNY DALLAS, MONICA SLATER, TROY DAWDY, PAUL PFEIFFER, DOMINIQUE CRUDUP, and ABRAHAM ANDERSON,
>
>    Defendants,
>
> LISA MADIGAN, Attorney General
> of the State of Illinois,
>
>    Attorney for Defendants.
>
> By:  s/Christopher L. Higgerson
>    Christopher L. Higgerson, #6256085
>    Assistant Attorney General
>    500 South Second Street
>    Springfield, IL  62706
>    Telephone:  (217) 782-5819
>    Facsimile:  (217) 524-5091
>    E-mail:  chiggerson@atg.state.il.us

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2012, I electronically filed Defendants' Answer to First Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Michael I Kanovitz | Arthur R. Loevy |
| mike@loevy.com | loevylaw@loevy.com |
| | |
| Jonathan I. Loevy | Daniel Moore Twetten |
| jon@loevy.com | dan@loevy.com |

and I hereby certify that on July 5, 2012, I mailed by United States Postal Service, the document to the following non-registered participant:

Respectfully submitted,

By: s/Christopher L. Higgerson
Christopher L. Higgerson
Attorney for Defendants
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-5819
Facsimile:  (217) 524-5091
chiggerson@atg.state.il.us