IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| BEVERLY THROGMORTON, et al., ) | |
| ) | Case No. 3:12-cv-3087 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Judge Richard Mills |
| Lincoln Correctional Center Former Assistant ) | |
| Warden REYNOLDS in his individual capacity, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs BEVERLY THROGMORTON, DELORES HENRY, PATRICIA PHILLIPS, and JACQUELINE HEGWOOD, on behalf of themselves and a class of others similarly situated, through their attorneys, LOEVY & LOEVY, hereby respectfully move for class certification pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), stating in support as follows:

1.   Class certification is appropriate where a proposed class satisfies all of the requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b). *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 808 (7th Cir. 2012). Under Rule 23(a), the movant must demonstrate four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a). To certify a class under Rule 23(b)(3), Plaintiffs must also show that "questions of law or fact common to the members of the class predominate over any questions affecting individual members, and [that] a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). To certify a class under Rule

23(b)(2), Plaintiffs must show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

2. As fully set forth in the accompanying Memorandum of Law in Support of this Motion for Class Certification, Plaintiffs move to certify two classes, each of which easily satisfies Rule 23's requirements.

3. Therefore, Plaintiffs respectfully request that the Court certify the following two classes:

> (a) **Class I (Damages Class)**:  All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center.
>
> (b) **Class II (Injunctive Relief Class)**:  All women who are currently incarcerated at Lincoln Correctional Center, and all women who will be incarcerated at Lincoln Correctional Center in the future.

4. Plaintiffs further request that this Court divide Class I into two subclasses, as follows:

> (a) **Subclass A** consisting of:  All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center, and who remain in the custody of the Illinois Department of Corrections since that time.
>
> (b) **Subclass B** consisting of:  All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center, and who were subsequently released from the custody of the Illinois Department of Corrections.

WHEREFORE, Plaintiffs respectfully request that this Court grant their motion for class certification, and such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

/s/  Rachel Steinback
Attorneys for Plaintiffs

Arthur Loevy
Michael Kanovitz
Jon Loevy
Rachel Steinback
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Rachel Steinback, an attorney, hereby certify that I served the foregoing Plaintiffs' Motion for Class Certification to all counsel of record via CM/ECF on March 1, 2013.

/s/  Rachel Steinback