IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BEVERLY THROGMORTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 12-cv-3087 |
| | ) | |
| RUSSEL REYNOLDS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

RICHARD MILLS, U.S. District Judge:

The Plaintiffs' Motion for Class Certification [d/e 35] is

ALLOWED IN PART and DENIED IN PART.

I.

This action was initiated on March 20, 2012, and relates to actions taken on March 31, 2011, by employees of the Illinois Department of Corrections (IDOC) at the Lincoln Correctional Center, Lincoln, Illinois.

The parties agree that Housing Units 2 and 4 were shaken down, that the female prisoners from these housing units were led to the gymnasium, that they waited there, and that they were taken in groups

1

to be strip searched.  *See* Answer to Fourth Amended Complaint [d/e 67], 1.  The parties agree that cadets from the IDOC Training Academy took part in the events of that day.  *See id.*

Plaintiffs bring the action under 42 U.S.C. § 1983, alleging violations of the Fourth, Eighth, and Fourteenth Amendments.  *See* Fourth Amended Complaint [d/e 41], 14-16.  The Plaintiffs seek damages for the women subjected to the strip searches, and an injunction blocking the warden of Lincoln Correctional Center from allowing these kinds of shake downs/strip searches to occur in the future.  *See id.* at 14-17.

During the pendency of this case, the Complaint has been amended a number of times.

II.

A.

On March 1, 2013, Plaintiffs filed their Motion to Certify Class [d/e 35], their Memorandum in Support [d/e 36], Deposition Excerpts [d/e 36-1, 37-1], Declarations of Prisoners Subject to Strip Searches [d/e 36-2], and Interrogatory Responses [d/e 36-3].

Plaintiffs propose two classes, with the first having two subclasses:

<u>Class I ("Damages Class")</u>:   All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center.

. . .

>   <u>Subclass A</u>, consisting of:   All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center, and who remain in the custody of the Illinois Department of Corrections since that time.
>
>   <u>Subclass B</u>, consisting of:   All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center, and who were subsequently released from the custody of the Illinois Department of Corrections.

. . .

>   <u>Class II ("Injunctive Relief Class")</u>:   All women who are currently incarcerated at Lincoln Correctional Center, and all women who will be incarcerated at Lincoln Correctional Center in the future.

Memorandum in Support [d/e 36], 2-3.

Plaintiffs argue that class certification is warranted under Federal Rule of Civil Procedure 23.

Regarding Class I, the Plaintiffs state that "[e]ach of the putative class members was strip searched in the same training session, by the same people, in the same manner, and under the same circumstances." Memorandum in Support [d/e 36], 9.

Citing relevant authorities, Plaintiffs argue that certification of Class II is appropriate because the proposed class is a cohesive group that would be protected from standardized conduct if the Court granted the prayed for injunction. *See id.* at 13-15.

B.

On April 1, 2013, the Defendants filed their Response [63]. They argue that Plaintiffs were inaccurate in stating that each member of the putative class had been subjected to the same search conditions. Defendants point out that the declarations showed that many women did not allege unhygienic floor conditions, that three did not allege that they were forced to stand too close to other inmates, and that one did not hear derogatory comments from staff. Response [d/e 63], 3. Defendants also note that the declarations do not specify which staff participated in the searches.

Defendants argue that Class II has no members, as Lincoln Correctional Center no longer houses women. In support of this argument, the Defendants submitted a sworn affidavit [d/e 63-1] from an IDOC assignment coordinator stating that Lincoln now only houses

males and that Plaintiff Jaqueline Hegwood (lone class representative for proposed Class II) is now housed at Logan Correctional Center, Lincoln, Illinois.

Defendants argue that the Plaintiffs proposed injunction would not be narrow enough to comply with the stricture of the Prison Litigation reform Act.

Defendants also argue that the issue is moot, as there are no more female inmates at Lincoln Correctional Center.

### C.

The Plaintiffs filed their Reply [d/e 65] on April 15, 2013. The Plaintiffs acknowledge differences between the procedures and experiences of the prisoners. But they argue that despite these variations there are common issues of fact and law that predominate over the minor variations. They argue that these variations are not of consequence at this stage of the proceedings, and that they can be resolved through a number of alternative procedures to determine damages based upon these variations.

The Plaintiffs state the following in the Reply:

>Here, Plaintiffs have all submitted sworn declarations that they endured a public group strip search where they were subjected to degradation and threats; where they were forced to undress and stand nude for significant lengths of time in front of individuals not involved in the search; where they were strip searched *en masse* without any semblance of privacy and in full view of inmates, corrections officers and civilians not involved in the strip search; and where they were held for hours before being released.

Reply [d/e 65], 3.

Plaintiffs argue that the claim for injunctive relief is not moot. They cite to cases where Courts have declined to find mootness after the transfer of a single prisoner.

The Plaintiffs argue that in March 2011, IDOC cadets participated in a shakedown at the Logan Correctional Center, which is next door to Lincoln Correctional Center. They point to an article from the <u>Lincoln Courier</u> that suggests that male prisoners from Logan and female prisoners from Lincoln were "swapped."

Plaintiffs argue that the issue is not moot because the IDOC practices in place in 2011 with respect to shakedowns and strip searches have not changed, and that the female prisoners housed at Logan Correctional Center could be subject to further shakedowns and strip searches like those experienced in March of 2011.

Plaintiffs then ask that Court certify an amended class consisting of the female prisoners at Logan Correctional Center.

Finally, Plaintiffs alternatively argue that if the Court concludes that additional factual development is needed with regard to the transfer of female prisoners from Lincoln, that fact discovery could be reopened.

### III.

The Court will certify Class I.

At the outset, the Court notes that the experiences of the prisoners were not as uniform as the Plaintiffs suggest.

First, none of the declarations state that the inmates "were held for hours before being released."  Second, the amount of time that declarants allegedly stood nude was between five to fifteen minutes, depending on the declarant.  Third, some of the declarants allege that they were in view of civilians and others do not make that allegation.  Fourth, the number of women involved in the group strip searches varied.  Finally, the amount and degree of alleged degradation varied widely.

Despite these differences, the Court concludes that certification of Class I is appropriate under Rule 23.  The numerosity requirement is

clearly met, as there were over 100 women who were subjected to strip search on March 31, 2011. *See* Fed. R. Civ. P. 23(a)(1).

It is clear that there are common questions of fact and law presented in this case. *See* Fed. R. Civ. P. 23(a)(2). While there were differences in the experiences of the women, there is a common core experience that was shared by all, which took place on the same date at the same place. The Court concludes that the Plaintiffs have sufficiently alleged that class members have suffered the same core injury. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2251 (2011) ("Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'").

After reviewing the declarations, the Court concludes that the experiences of the named parties are fairly typical of the proposed class. *See* Fed. R. Civ. P. 23(a)(3).

Regarding adequacy-of-representation, the Court is satisfied with the competency of class counsel, and has no reason to doubt that "the representative parties will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4).

The Court finds, based on the unique circumstances of this case, "that the questions of law [and] fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *See* Fed. R. Civ. P. 23(b)(3).

IV.

A.

The Court declines to certify Class II.

The proposed class consists of "[a]ll women who are currently incarcerated at Lincoln Correctional Center, and all women who will be incarcerated at Lincoln Correctional Center in the future."

There are no women incarcerated at Lincoln Correctional Center, and there are reportedly no future plans to do so.

The proposed class is a class of zero. Accordingly, it fails to satisfy the numerosity requirement as set forth at Rule 23(a)(1).

Therefore, the Court declines to certify the class.

B.

The Plaintiffs suggest that the Court could amend their proposed class to reflect that it is a class of female prisoners at Logan Correctional Center.

This is counsel's job, not the Court's.

This request for relief is inconsistent with the Plaintiffs' Fourth Amended Complaint. The Plaintiffs have not sued the current warden of Logan Correctional Center – Sheryl Thompson.[1]

Warden Thompson has not had the opportunity to respond.

In addition, it is not immediately clear that Rule 23(b)(2) would apply to Thompson and/or Logan Correctional Center. The Rule provides that a class action seeking injunctive relief may be maintained if "*the party opposing the class has acted or refused to act* on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2) (emphasis added).

---

[1] *See* IDOC Facility Page, Logan Correctional Center, http://www2.illinois.gov/idoc/facilities/Pages/logancorrectionalcenter.aspx (last visited July 26, 2013).

Citing a newspaper article, Plaintiffs argue that Logan Correctional Center and Lincoln Correctional Center "'swapped prisoners.'" While the article says this, it also says that when the switch happened, about 950 female prisoners from Dwight Correctional Center joined about 1,000 female prisoners from Lincoln Correctional Center at the now all-female Logan Correctional Center. *See* Bill Welt, *Dwight Prisoners Transfer to Logan County Jail*, Lincoln Courier, March 15, 2013, available at http://www.lincolncourier.com/news/x766880884/Dwight-prisoners-transfer-to-Logan-County-jail (last visited July 29, 2013).

In light of these issues, the Court will decline to certify the class, but will allow the parties to conduct additional discovery, and the Plaintiffs will be afforded the opportunity to file an amended complaint and a new motion to certify class.

V.

*Ergo*, Plaintiffs' Motion for Class Certification [d/e 35] is ALLOWED IN PART and DENIED IN PART.

The Court certifies proposed Class I (including its two subclasses).

The Court declines to certify Class II.

11

Class certification discovery is hereby reopened. Discovery shall close on October 1, 2013. The parties may proceed with discovery as they deem fit. Any discovery disputes are referred to U.S. Magistrate Judge Byron G. Cudmore.

Given the changes in the housing of female prisoners, the Plaintiffs are granted leave to amend their complaint. Any amended complaint shall be filed on or before October 9, 2013.

Any new motion for class certification shall be filed on or before October 23, 2013. Any response shall be filed on or before November 13, 2013.

IT IS SO ORDERED.

ENTER: July 29, 2013

FOR THE COURT:        */s/ Richard Mills*
                    _____
                        Richard Mills
                    United States District Judge