IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BEVERLY THROGMORTON, DELORES HENRY, and PATRICIA PHILLIPS, on behalf of themselves and class of others similarly situated, ) ) ) ) ) | |
| Plaintiffs ) ) | |
| v. ) | No. 12-3087 |
| ) | |
| RUSSELL REYNOLDS, et al., ) ) | |
| Defendants. ) | |

**ANSWER TO SIXTH AMENDED COMPLAINT**

NOW COME the defendants, Melody Hulett, Russell Reynolds, Russell Craig, Kim Johnson, Carlita Edmonson, Peter Leonetti, Benny Dallas, Monica Slater, Troy Dawdy, Paul Pfieffer, Dominque Crudup, Abraham Anderson, and Alan Pasley, Renee Hatfield, Stephanie Spaniol, Shabeda Warden, James Killian, Sheila Van Middlesworth, Michael Van Middlesworth, Brian Rickord, David Last, David Dilley, Emma Bender, Barb Boch, Andrea Butler, Andrea Hinton, Brent Kenney, Charles Mathias, Eddie Jones, Wendy Johner, Steven Johner, Courtney Krull and Angela Locke, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby submit defendants' Answer to Plaintiff's Sixth Amended Complaint [Doc. 83]. In support thereof, defendants state as follows:

**INTRODUCTION**

1. Defendants admit the allegations are as stated by Plaintiffs  Defendants deny Plaintiffs have any meritorious claims in either law or fact.

2. Defendants admit that Housing Units 2 and 4 were shaken down and the offenders were required to be strip searched. Defendants admit that inmates were required to wait in the gymnasium while other offenders were taken in small groups to be strip

searched by Logan Correctional staff and IDOC trainees. Defendants deny the remaining allegations contained in this paragraph.

3. Denied.

4. Defendants admit that trainees participated in the search but deny there was not a legitimate penological purpose for the search independent of trainee participation. Defendants deny the remaining allegations contained in this paragraph.

5. Denied.

6. Defendants lack sufficient knowledge to admit or deny Plaintiffs' motivations for filing this case. Defendants deny the allegations.

7. Admitted.

8. Admitted.

## PARTIES

9. Defendants admit that Plaintiff Throgmorton is 48 years old. Defendants lack knowledge as to plaintiff's current residence. Defendants admit plaintiff was housed in 2B at Lincoln Correctional Center on March 31, 2011. Defendants deny the remaining allegations contained in this paragraph.

10. Defendants deny that Plaintiff Henry is 57 years old and was housed in unit 2B at Lincoln on March 31, 2011. Defendants lack sufficient knowledge to admit or deny where Henry resides now. Defendants deny the remaining allegations contained in this paragraph.

11. Defendants admit that Plaintiff Phillips is approximately 44 years old and was housed in unit 2B at Lincoln on March 31, 2011. Defendants lack sufficient knowledge to admit or deny where Phillips resides now. Defendants deny the remaining allegations contained in this paragraph.

12. Defendants admit that Plaintiff Hegwood is 49 years old and was housed in unit 2B at Lincoln on March 31, 2011. Defendants lack sufficient knowledge to admit or deny

Hegwood's current residence. Defendants deny the remaining allegations contained in this paragraph.

13. Defendants deny that anyone was forcibly and publicly strip searched, but lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

14. Defendants deny that anyone was forcibly and publicly strip searched, but lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

15. Defendants admit that Lincoln Correctional Center was medium security and housed female inmates at the time relevant to this case, but deny there were only three such facilities. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

16. Defendants admit Defendants Edmonson, Johnson, Leonetti, Dowdy, Pfeiffer, Craig, and Slater were members of the tactical unit at Lincoln and acted under color of law at all relevant times.

17. Defendants admit the listed defendants were employed at Lincoln on March 31, 2011, and acted under color of law at all relevant times. Defendants deny that Defendants Dallas and Last held the rank of officer. Defendants lack sufficient knowledge to admit or deny the allegations regarding unknown officers.

18. Admitted.

19. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph as it is unclear what Plaintiffs mean by "in charge of." Defendants admit they acted under color of law.

20. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph as it is unclear what Plaintiffs mean by "in charge of." Defendants admit they acted under color of law.

21. Admitted.

22. Defendants deny that Logan is one of four female institutions, but admit the remaining allegations contained in this paragraph.

23. Defendants admit the allegations contained in this paragraph.

24. Defendants admit the allegations contained in this paragraph.

### Facts Relating to the Named Plaintiffs

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Defendants admit that part of the procedure for strip searching requires inmates to remove tampons and discard them in a garbage can. Defendants deny the remaining allegations contained in this paragraph.

31. Defendants admit that the procedure for strip searching requires inmates to raise their breasts, lift their hair, cough, and spread their buttocks. Defendants deny the remaining allegations contained in this paragraph.

32. Defendants deny the bathroom was unsanitary.

33. Defendants admit that women who were menstruating at the time of the strip search were not given tampons afterwards; they were given pads. Defendants deny the remaining allegations contained in this paragraph.

34. Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

35. Denied.

36. Defendants admit that the procedure for strip searching requires inmates to raise their breasts, lift their hair, cough, and spread their buttocks and that if Plaintiff was strip searched, she would have been required to comply. Defendants deny the remaining allegations contained in this paragraph.

37. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

38. Defendants admit that the procedure for strip searching requires inmates to raise their breasts, lift their hair, cough, and spread their buttocks and that if Plaintiff was strip searched, she would have been required to comply. Defendants deny the remaining allegations contained in this paragraph.

39. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

40. Defendants admit that those subject to the search were required to remain in the gymnasium until all searches were completed. Defendants lack sufficient knowledge to admit or deny the remaining allegations.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. The Defendants lack sufficient knowledge to admit whether plaintiff Brown was part of the group transferred, but otherwise admit the allegations contained in this paragraph.

47. Defendants deny the allegations contained in this paragraph.

48. Defendants deny this is a complete and accurate description of the process of organizing cadet training exercises.

**Class Allegations**

49. Defendants admit Plaintiffs so request but deny class certification is appropriate at this point.

50. Defendants admit Plaintiffs so request but deny class certification is appropriate at this point.

51. Defendants admit Plaintiffs so request but deny class certification is appropriate at this point.

52. Denied.

53. Denied.

54. Defendants admit Plaintiffs so request but deny class certification is appropriate at this point.

55. Denied.

56. Denied.

57. Defendants admit Plaintiffs so request but deny class certification is appropriate at this point.

58. Defendants admit Plaintiffs so request but deny class certification is appropriate at this point.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

### Count I—Claims Pursuant to 42 U.S.C. §1983 Violations of the Fourth and Fourteenth Amendments

64. Defendants incorporate by reference as if fully set forth herein their answers to the foregoing paragraphs.

65. Denied.

66. Denied.

67. Denied.

Defendants deny Plaintiffs are entitled to any relief whatsoever in this cause of action.

### Count II—Claims Pursuant to 42 U.S.C. §1983 Violations Eighth Amendment

68. Defendants incorporate by reference as if fully set forth herein their answers to the foregoing paragraphs.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

Defendants deny Plaintiffs are entitled to any relief whatsoever in this cause of action.

### Count III – Injunctive Relief

73. Defendants deny the conduct strip searches in a manner that violates the rights of inmates and that the plaintiffs are entitled to injunctive relief.

### Prayers for Relief

Defendants deny Plaintiffs are entitled to any relief whatsoever in this cause of action.

**Affirmative Defenses**

1. To the extent Defendants are sued in their individual capacities, at all times relevant herein, Defendants acted in good faith in the performance of his official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

2. Plaintiffs have to exhaust their administrative remedies as is required prior to filing suit under 42 U.S.C. 1983 by the Prison Litigation Reform Act (42 U.S.C. 1997) and *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

3. In the absence of an ongoing violation of federal law, the plaintiffs' claim for injunctive relief is barred by sovereign immunity and the Eleventh Amendment.

    Respectfully submitted,

    Renee Hatfield, Stephanie Spaniol, Shabeda Warden, James Killian, Sheila Van Middlesworth, Michael Van Middlesworth, Brian Rickord, David Last, David Dilley, Emma Bender, Barb Boch, Andrea Butler, Andrea Hinton, Brent Kenney, Charles Mathias, Eddie Jones, Wendy Johner, Steven Johner, Courtney Krull and Angela Locke,

    Defendants,

    LISA MADIGAN, Attorney General
    of the State of Illinois,

    Attorney for Defendants.

    By:  s/Christopher L. Higgerson
        Christopher L. Higgerson, #6256085
        Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| BEVERLY THROGMORTON, DELORES HENRY, and PATRICIA PHILLIPS, on behalf of themselves and class of others similarly situated, | ) ) ) ) ) |
| Plaintiffs | ) ) |
| v. | )  No. 12-3087 ) |
| RUSSELL REYNOLDS, et al., | ) ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2014, I electronically filed the foregoing *Defendants' Answer to Sixth Amended Complaint* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael I Kanovitz     mike@loevy.com

Arthur R. Loevy     loevylaw@loevy.com

Jonathan I. Loevy     jon@loevy.com

Daniel Moore Twetten     dan@loevy.com

Respectfully submitted,

By:  s/ Christopher L. Higgerson
Christopher L. Higgerson
Attorney for Defendants
Office of the Illinois Attorney General
General Law Bureau
500 South Second Street
Springfield, Illinois 62706
Telephone: (217) 782-9014
Facsimile: (217) 524-5091
Email: chiggerson@atg.state.il.us

9