IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BEVERLY THROGMORTON, DELORES HENRY, and PATRICIA PHILLIPS, on behalf of themselves and class of others similarly situated, ) ) ) ) )  | |
| Plaintiffs ) ) | |
| v. ) ) | No. 12-3087 |
| RUSSELL REYNOLDS, et al., ) ) | |
| Defendants. ) | |

**ANSWER TO SIXTH AMENDED COMPLAINT**

NOW COME the defendants, Joseph Yurkovich and Felipe Zavala, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby submit defendants' Answer to Plaintiff's Sixth Amended Complaint [Doc. 83]. In support thereof, defendants state as follows:

**INTRODUCTION**

1.     Defendants admit the allegations are as stated by Plaintiffs Defendants deny Plaintiffs have any meritorious claims in either law or fact.

2.     Defendants admit that searches were conducted on March 31, 2011, but lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

3.     Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

4.     Defendants admit that cadets were present during the searches conducted on March 31, 2011, but lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

5.     Defendants deny there is no justification for performing searches, but lack sufficient knowledge to admit or deny any allegations specific to these searches.

6. Defendants lack sufficient knowledge to admit or deny Plaintiffs' motivations for filing this case. Defendants deny the allegations.

7. Admitted.

8. Admitted.

## PARTIES

9. Defendants admit that Plaintiff Throgmorton is 48 years old. Defendants lack knowledge as to plaintiff's current residence. Defendants admit plaintiff was housed in 2B at Lincoln Correctional Center on March 31, 2011. Defendants deny the remaining allegations contained in this paragraph.

10. Defendants deny that Plaintiff Henry is 57 years old and was housed in unit 2B at Lincoln on March 31, 2011. Defendants lack sufficient knowledge to admit or deny where Henry resides now. Defendants deny the remaining allegations contained in this paragraph.

11. Defendants admit that Plaintiff Phillips is approximately 44 years old and was housed in unit 2B at Lincoln on March 31, 2011. Defendants lack sufficient knowledge to admit or deny where Phillips resides now. Defendants deny the remaining allegations contained in this paragraph.

12. Defendants admit that Plaintiff Hegwood is 49 years old and was housed in unit 2B at Lincoln on March 31, 2011. Defendants lack sufficient knowledge to admit or deny Hegwood's current residence. Defendants deny the remaining allegations contained in this paragraph.

13. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

14. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

15. Defendants admit that Lincoln Correctional Center was medium security and housed female inmates at the time relevant to this case, but deny there were only three such facilities. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

16. Defendants admit Defendants Edmonson, Johnson, Leonetti, Dowdy, Pfeiffer, Craig, and Slater were members of the tactical unit at Lincoln and acted under color of law at all relevant times.

17. Defendants admit the listed defendants were employed at Lincoln on March 31, 2011, and acted under color of law at all relevant times. Defendants deny that Defendants Dallas and Last held the rank of officer. Defendants lack sufficient knowledge to admit or deny the allegations regarding unknown officers.

18. Admitted.

19. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph as it is unclear what Plaintiffs mean by "in charge of." Defendants admit they acted under color of law.

20. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph as it is unclear what Plaintiffs mean by "in charge of." Defendants admit they acted under color of law.

21. Admitted.

22. Defendants deny that Logan is one of four female institutions, but admit the remaining allegations contained in this paragraph.

23. Defendants admit the allegations contained in this paragraph.

24. Defendants admit the allegations contained in this paragraph.

## **Facts Relating to the Named Plaintiffs**

25. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

26. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

27. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

28. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

29. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

30. Defendants admit that part of the procedure for strip searching requires inmates to remove tampons and discard them in a garbage can. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.

31. Defendants admit that the procedure for strip searching requires inmates to raise their breasts, lift their hair, cough, and spread their buttocks. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.

32. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

33. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

34. Defendants lack sufficient knowledge to either admit or deny the allegations contained in this paragraph.

35. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

36. Defendants admit that the procedure for strip searching requires inmates to raise their breasts, lift their hair, cough, and spread their buttocks and that if Plaintiff was strip searched, she would have been required to comply. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph..

37. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

38. Defendants admit that the procedure for strip searching requires inmates to raise their breasts, lift their hair, cough, and spread their buttocks and that if Plaintiff was strip searched, she would have been required to comply. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.

39. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

40. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

41. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

42. Defendants deny there is no justification for searching inmates, but lack sufficient knowledge to admit or deny the specific allegations in this paragraph.

43. Defendants denies the allegations contained in this paragraph as to standard searches, but lack sufficient knowledge to admit or deny the allegations as to the specific searches at issue.

44. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

45. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

46. Defendants admit the allegations contained in this paragraph.

47. Defendants deny the allegations contained in this paragraph.

48. Defendants deny this is a complete and accurate description of the process of organizing cadet training exercises.

## Class Allegations

49. Defendants admit Plaintiffs so request but deny class certification is appropriate at this point.

50. Defendants admit Plaintiffs so request but deny class certification is appropriate at this point.

51. Defendants admit Plaintiffs so request but deny class certification is appropriate at this point.

52. Denied.

53. Denied.

54. Defendants admit Plaintiffs so request but deny class certification is appropriate at this point.

55. Denied.

56. Denied.

57. Defendants admit Plaintiffs so request but deny class certification is appropriate at this point.

58. Defendants admit Plaintiffs so request but deny class certification is appropriate at this point.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

**Count I—Claims Pursuant to 42 U.S.C. §1983 Violations of the Fourth and Fourteenth Amendments**

64. Defendants incorporate by reference as if fully set forth herein their answers to the foregoing paragraphs.

65. Denied.

66. Denied.

67. Denied.

Defendants deny Plaintiffs are entitled to any relief whatsoever in this cause of action.

**Count II—Claims Pursuant to 42 U.S.C. §1983 Violations Eighth Amendment**

68. Defendants incorporate by reference as if fully set forth herein their answers to the foregoing paragraphs.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

Defendants deny Plaintiffs are entitled to any relief whatsoever in this cause of action.

**Count III – Injunctive Relief**

73. Defendants deny they conduct strip searches in a manner that violates the rights of inmates and that the plaintiffs are entitled to injunctive relief.

**Prayers for Relief**

Defendants deny Plaintiffs are entitled to any relief whatsoever in this cause of action.

**Affirmative Defenses**

1. Plaintiffs have to exhaust their administrative remedies as is required prior to filing suit under 42 U.S.C. 1983 by the Prison Litigation Reform Act (42 U.S.C. 1997) and *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

2. In the absence of an ongoing violation of federal law, the plaintiffs' claim for injunctive relief is barred by sovereign immunity and the Eleventh Amendment.

Wherefore, for the above and foregoing reasons, defendants ask this Honorable Court to deny plaintiffs' requested relief.

    Respectfully submitted,

    Joseph Yurkovich and Felipe Zavala,

        Defendants,

    LISA MADIGAN, Attorney General
    of the State of Illinois,

        Attorney for Defendants.

By: s/ Christopher L. Higgerson
    Christopher L. Higgerson, #6256085
    Assistant Attorney General
    500 South Second Street
    Springfield, Illinois 62706
    Telephone: (217) 782-9014
    Facsimile: (217) 524-5091
    E-mail: chiggerson@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| BEVERLY THROGMORTON, DELORES HENRY, and PATRICIA PHILLIPS, on behalf of themselves and class of others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs | )<br>) |
| v. | )   No. 12-3087 |
| RUSSELL REYNOLDS, et al., | )<br>) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2014, I electronically filed the foregoing *Defendants' Answer to Sixth Amended Complaint* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael I Kanovitz    mike@loevy.com

Arthur R. Loevy    loevylaw@loevy.com

Jonathan I. Loevy    jon@loevy.com

Daniel Moore Twetten    dan@loevy.com

Respectfully submitted,

By: s/ Christopher L. Higgerson
Christopher L. Higgerson
Attorney for Defendants
Office of the Illinois Attorney General
General Law Bureau
500 South Second Street
Springfield, Illinois 62706
Telephone: (217) 782-9014
Facsimile: (217) 524-5091
Email: chiggerson@atg.state.il.us

9