E-FILED
Tuesday, 21 October, 2014 04:48:46 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

BEVERLY THOGMORTON, et al., )
)
    Plaintiffs, )
)
v. ) NO. 12-3087
)
Lincoln Correctional Center Former )
Assistant Warden REYNOLDS in his )
individual capacity, et al., )
)
    Defendants. )

## OPINION

RICHARD MILLS, U.S. District Judge:

    Pending before the Court is the Plaintiffs' Motion pursuant to Rule 23(b)(2) for Class Certification. The Defendants have not responded to the motion.

### I.

    This action was initiated as a putative class action on March 20, 2012 and relates to actions taken on March 31, 2011, by employees of the Illinois Department of Corrections (IDOC) at the Lincoln Correctional Center in Lincoln, Illinois. The Plaintiffs seek damages and injunctive

relief.

On July 29, 2013, the Court granted the Plaintiffs' Motion for Certification of a Rule 23(b)(3) "Damages Class." Although it denied certification of the "Injunctive Relief Class," the Court granted leave to the Plaintiffs to amend their complaint and file a new motion for class certification. The Sixth Amended Complaint is the operative complaint now before the Court.

The Damages Class is comprised of female inmates who were subjected to a humiliating and degrading public group strip search performed during an IDOC Training Academy "cadet training exercise" on March 31, 2011. The Plaintiffs now seek certification of a Rule 23(b)(2) class so that they may obtain injunctive relief on behalf of themselves and all women at Logan Correctional Center.

Previously, the Plaintiffs proposed two classes:

Class I ("Damages Class"):   All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center.

. . .

<blockquote>

<u>Subclass A</u>, consisting of: All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center, and who remain in the custody of the Illinois Department of Corrections since that time.

<u>Subclass B</u>, consisting of: All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center, and who were subsequently released from the custody of the Illinois Department of Corrections.

. . .

<u>Class II (Injunctive Relief Class)</u>: All women who are currently incarcerated at Lincoln Correctional Center, and all women who will be incarcerated at Lincoln Correctional Center in the future.

</blockquote>

In its Order of July 29, 2013, as to Class I, the Court found that the numerosity requirement under Rule 23(a)(1) had been met, as there were over 100 women who were subjected to the strip search on March 31, 2011. The Court further determined under Rule 23(a)(2) that because the Plaintiffs sufficiently alleged that class members have suffered the same core injury, the case presented common questions fact and law. Upon reviewing the declarations, the Court concluded pursuant to Rule 23(a)(3) that the experiences of the named parties were fairly typical of the proposed class.

Finally, in considering adequacy-of-representation, the Court noted under Rule 23(a)(4) that it was satisfied with the competency of class counsel, and has no reason to doubt that "the representative parties will fairly and adequately protect the interests of the class."

Based on all of the unique circumstances of the case, the Court found "that the questions of law [and] fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." See Fed. R. Civ. P. 23(b)(3).

The Court declined to certify Class II, which consisted of women then-incarcerated at Lincoln Correctional Center and women who will be incarcerated at that facility in the future. Because women were no longer incarcerated at Lincoln Correctional Center and there were no future plans to house women at the facility, the Court determined that the proposed class was a class of zero and the numerosity requirement of Rule 23(a)(1) could not be satisfied.

II.

According to the Plaintiffs' current motion, the women who had been incarcerated at Lincoln Correctional Center were transferred out of the facility, primarily to Logan Correctional Center, after Lincoln Correctional Center was converted to an all-male prison.

The Plaintiff now seeks to certify the following class pursuant to Rule 23(b)(2):

> <u>Class II (Injunctive Relief Class)</u>: All women who are currently incarcerated at Logan Correctional Center, and all women who will be incarcerated at Logan Correctional Center in the future.

Under Rule 23(b)(2), a class action may be maintained where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

The Plaintiffs contend that all of the requirements of Rule 23(a) have been met. Rule 23(a)(1) (the "numerosity prong") requires that the class be so numerous that it would be impracticable to join all of the members in a single action. The named Plaintiffs have attached to their

memorandum declarations from 43 other inmates who "endured the cadet training exercise." Moreover, Logan Correctional Center's own records show that approximately 230 women were subjected to the October 31, 2013 public group strip search and its inmate population is approximately 2,000 women. Based on the foregoing, the Court finds that Class II satisfies the Rule 23(a)(1) numerosity requirement.

The Plaintiffs further allege that Class II satisfies the commonality and typicality requirements. Under Rule 23(a)(2), there must be questions of law or fact common to the class. All that is required under Rule 23(a)(2) is a single common question among the class members. See Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2556 (2011). However, "[c]ommonality demands more than a showing that the class members have all suffered a violation of the same provision of law at the hands of the same defendant." Suchanek v. Sturm Foods, Inc., 764 F.3d 750, 755 (7th Cir. 2014). "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." Id. at 756.

The Plaintiffs assert the claims here are almost identical and thus completely common among the class members. Each of the putative class members was strip searched during a "cadet training exercise," in the same manner and under the same circumstances. Each individual will rely on the same core unlawful conduct: being forcibly strip searched in groups of two or more in full view of male corrections officers, IDOC administrators and cadets, as well as corrections officer, cadets and civilians not involved in the strip search. The Plaintiffs allege the core conduct is common to both the March 31, 2011 Lincoln Correctional Center "cadet training exercise" and the October 31, 2013 Logan Correctional Center "cadet training exercise."

Based on the foregoing, the Court finds that Plaintiffs have met the commonality requirement. Each putative class members' claims derive from the same conduct or practice by the same Defendants. There is a common core experience that was shared by all, which took place on different dates at two different correctional centers. Accordingly, the Plaintiffs have demonstrated commonality among the class members.

Under Rule 23(a)(3), the Plaintiff must demonstrate that the

experiences of the named parties are fairly typical of the proposed class. To satisfy the typicality requirement, "there must be enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group." Spano v. The Boeing Co., 633 F.3d 574, 586 (7th Cir. 2011). A finding of commonality usually results in a finding of typicality. See Gen Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 158 n.13 (1982) ("The commonality and typicality requirements of Rule 23(a) tend to merge."). Upon reviewing the declarations attached to the Plaintiffs' memorandum, the Court concludes the Plaintiffs have sufficiently alleged that Named Class Members Ieshia Brown and Sandra Brown were subjected to the same course of conduct as other class members during the cadet training exercises. Accordingly, those individuals bring the same cause of action as the other class members.

Based on the foregoing, the Court concludes that pursuant to Rule 23(a)(3), the experiences of the named parties are fairly typical of the proposed class.

Under Rule 23(a)(4), the class representatives and their counsel must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "[A]dequacy of representation is composed of two parts: the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest of the class members." Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 598 (7th Cir. 1993) (internal quotation marks and citation omitted). The class representative must possess the same interest and suffer the same injury as other class members. See Uhl v. Thoroughbred Technology and Telecommunications, Inc., 309 F.3d 978, 985 (7th Cir. 2002). Accordingly, the Court must determine there is no inconsistency between the named parties and the class members. See id.

Based on the information in the record, the Court finds that the class representatives have the same interest and suffered the same injury as other class members. The Court is aware of no inconsistencies between the named parties and class members.

In its July 29, 2013 Order, the Court approved class counsel's

representation of the Plaintiffs. According to the memorandum in support of the current motion, the Plaintiffs' Counsel has represented the Plaintiffs in multiple class action suits, including suits involving strip searches. The Court has no basis for finding that any of the class representatives are antagonistic to any absent class member or that they do not have a sufficient interest to vigorously pursue the claims.

As was the case before, the Court is satisfied with the competency of class counsel. Pursuant to Rule 23(a)(4), the Court has no basis to doubt that "the representative parties will fairly and adequately protect the interests of the class."

### III.

If the requirements of Rule 23(a) are satisfied, a class action may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." See Fed. R. Civ. P. 23(b)(2).

Citing Amchem Prods v. Windsor, 521 U.S. 591 (1997), the Plaintiffs

note that actions seeking relief to prevent future alleged illegal deprivations of civil rights are a "prime example" of a proper Rule 23(b)(2) class. See id. at 614. "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory relief warranted–the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." Wal-Mart, 131 S. Ct. at 2557 (internal quotation marks anc citation omitted). The relief sought "must perforce affect the entire class at once." Id. at 2558. The Seventh Circuit has observed that "Rule 23(b)(2) operates under the presumption that the interests of the class members are cohesive and homogeneous such that the case will not depend on adjudication of facts particular to any subset of the class nor require a remedy that differentiates materially among class members." Lemon v. Int'l Union of Operating Engineers, 216 F.3d 577, 580 (7th Cir. 2000).

The Plaintiffs note that Class II, comprised of all women incarcerated at Logan Correctional Center, seeks certification under Rule 23(b)(2) in order to ensure that Defendants are prevented from organizing any mass

11

public group strip searches in the future, either as part of IDOC "training exercises" or in the facility at large. Each class member's claim depends on the Defendants' standardized conduct. Class certification is appropriate under Rule 23(b)(2) "only when a single injunction or declaratory judgment would provide relief to each member of the class." Wal-Mart, 131 S. Ct. at 2557. Because each class member is seeking the same injunction, the Court concludes the Plaintiffs have met the standard for maintaining a class action for equitable relief.

IV.

For the reasons stated herein, the Court finds that the Plaintiffs' motion satisfies the prerequisites of Rule 23(a) and the requirements of Rule 23(b)(2). Accordingly, the motion to certify the class will be Allowed.

Class II, the Injunctive Relief Class, is certified as follows: "All women who are currently incarcerated at Logan Correctional Center, and all women who will be incarcerated at Logan Correctional Center in the future."

The Named Plaintiffs–Beverly Thogmorton, Delores Henry, Patricia Phillips, Jacqueline Hegwood, Sandra Brown and Ieshia Brown–shall be

representatives of the Class.

Loevy & Loevy are appointed as Counsel for the Class.

Ergo, the Plaintiffs' Rule 23(b)(2) Motion for Class Certification [d/e 80] is ALLOWED.

Class II is hereby certified under Rule 23(b)(2), as provided in this Order.

The Named Plaintiffs are appointed as representatives of Class II.

Counsel for the Named Plaintiffs, Loevy & Loevy, are appointed as Counsel for Class II.

This case is referred to United States Magistrate Judge Tom Schanzle-Haskins for the purpose of determining whether additional discovery is necessary and entering a scheduling order.

ENTER: October 17, 2014

                FOR THE COURT:

                              s/Richard Mills
                              Richard Mills
                              United States District Judge