**E-FILED**
Sunday, 13 November, 2016  05:57:19 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

Plaintiffs Beverly Throgmorton, et al.,   )
 )
     vs.            )
 )    CASE NO. 3:12-cv-3087
Defendants Russell Reynolds, et al.   )
 )

## <u>DEFENDANTS' CORRECTED PROPOSED JURY INSTRUCTIONS</u>

These proposed instructions have been corrected in regards to numbering and to address recently-dismissed defendants.

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement or acted in a manner inconsistent with the testimony of the witness in this case on a matter material to the issues.  Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Defendants' Alternate to Plaintiffs' 2**                                          Given _____
I.P.I. 3.01 (1995 edition)                                              Given as Modified _____
7th Cir. P.I. 1.14 (modified)                                                       Refused _____
*Molnar v. Booth*, 229 F.3d 593, 604 (7th Cir. 2000)                        Withdrawn _____

The Plaintiffs' claims consist of two counts.  The issues to be decided by you are as follows:

In Count 1, plaintiffs, Beverly Throgmorton, Delores Henry, Patricia Phillips, Jacqueline Hegwood, and Ieshia Brown, each claim she was harmed and sustained damages and that Defendants Russell Craig and Troy Dawdy violated her right under the Eighth Amendment to the Constitution of the United States to be free from cruel and unusual punishment, in the following respect:

> In strip-searching the Plaintiffs on March 31, 2011, at Lincoln Correctional Center without a penological reason and in order to humiliate them and cause them psychological harm by searching them in groups while forcing them to stand naked and shoulder-to-shoulder for an extended period of time in front of male officers and others not participating in the searches.  Plaintiffs further allege that Defendants called plaintiffs derogatory names and made comments about their bodies during the search.  Plaintiffs also allege that menstruating inmates had to remove their tampons and sanitary pads in front of others and were not given replacements. Plaintiffs claim they were forced to stand barefoot on a dirty floor that had menstrual blood on it during the searches.

The plaintiffs claim that the foregoing was a proximate cause of their injuries. Defendants deny that they acted in the manner claimed by the plaintiffs. Defendants deny that their conduct violated the Plaintiffs' rights under the Eighth Amendment to the United States. Defendants further deny that their conduct caused harm to Plaintiffs.

Turning now to Count 2, plaintiffs Beverly Throgmorton, Delores Henry, Patricia Phillips, Jacqueline Hegwood, and Ieshia Brown each claim she was harmed and sustained damages and that Defendants Renee Hatfield, Melody Hulett, Alan Pasley, and Russell Reynolds violated her right under the Eighth Amendment to the Constitution of the United States to be free from cruel and unusual punishment, in one or more of the following respects:

In ordering the strip search of plaintiffs for the purpose of harassment, humiliation, and infliction of psychological pain, without penological purpose(s).

By ordering the strip search of plaintiffs to be conducted in a harassing and humiliating manner to inflict psychological pain, without penological purpose(s).

In approving, facilitating, condoning, or turning a blind eye to the conduct alleged in Count I, by refusing to take action to stop the treatment of plaintiffs, despite defendants actual knowledge that one or more identified officers conducted searches in a manner intending to harass and humiliate plaintiffs and cause them psychological pain and actual knowledge that plaintiffs faced a substantial risk of serious harm from the claimed misconduct.

The plaintiffs claim that the foregoing was a proximate cause of their injuries. Defendants deny that they acted in the manner alleged by Plaintiffs.  The Defendants deny that their conduct violated the Plaintiffs' right under the Eighth Amendment to the United States Constitution. Defendants further deny that their conduct caused harm to Plaintiffs.

**Defendants' Alternate to Plaintiffs' 3**
I.P.I. Nos. 20.01 (modified), 20.01.01 (modified)
*Calhoun v. DeTella*, 319 F. 3d 936, 939 (7th Cir. 2003)
*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)
*Locke v. Haessig*, 788 F. 3d 662, 669 (7th Cir. 2015)
*Perez v. Fenoglio*, 792 F. 3d 768, 776, 781 (7th Cir. 2015)
*Harper v. Albert*, 400 F. 3d 1052 (7th Cir. 2005)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

In Count 1, Plaintiffs claim that Defendants Russell Craig, and Troy Dawdy individually subjected them to cruel and unusual punishment in violation of the Eighth Amendment.  To succeed on this claim, each Plaintiff must prove each of the following things by a preponderance of the evidence as to each Defendant:

1.      First, that the defendant acted in the manner claimed by each plaintiff as stated to you in these instructions;

2.      Second, that the strip searches to which each plaintiff was subjected constituted "cruel and unusual punishment" within the meaning of that term, as it is defined later within these instructions;

3.      Third, that the Defendant conducted the strip search in a manner intended to humiliate that plaintiff and cause psychological pain, and totally without penological justification;

4.      Fourth, that the plaintiff was harmed; and

5.      Fifth, that the wrongful conduct of the defendant was the proximate cause of the harm to the plaintiff.

You are to consider these propositions as to each plaintiff and defendant separately. If you find from your consideration of all the evidence that each of these propositions has been proved by a preponderance of the evidence by one or more plaintiffs as to one or more of the defendants, then that defendant or those defendants are liable and your verdict should be for that plaintiff or those plaintiffs and against that defendant or those defendants.

If, on the other hand, you find from your consideration of all of the evidence that a plaintiff has failed to prove any of these things by a preponderance of the evidence against one or more defendants, then that defendant or those defendants are not liable and your verdict should be against that plaintiff or those plaintiffs, and for that defendant or those defendants.

**Defendants' Alternate to Plaintiffs' 4**                    Given _____

7th Cir. P.I. 7.15 (modified)                    Given as Modified _____

*Peckham v. Wis. Dept. Of Corr.*, 141 F.3d 694, 697 (7th Cir. 1998)                    Refused _____

*Canedy v. Boardman*, 16 F.3d 183 (7th Cir. 1994)                    Withdrawn _____

*Mays v. Springborn*, 575 F.3d 643 (7th Cir. 2009); 719 F.3d 631 (7th Cir. 2013)

In Count 2, Plaintiffs claim that the supervisory officials, Defendants Renee Hatfield, Melody Hulett, Alan Pasley, and Russell Reynolds, subjected each of them to cruel and unusual punishment in violation of the Eighth Amendment.  To succeed on this claim, each Plaintiff must prove each of the following things by a preponderance of the evidence as to each defendant:

1.      First, that the plaintiff was subjected to a strip search that constituted cruel and unusual punishment as that term is defined in these instructions;

2.      Second, that the Defendant intentionally acted or failed to act in one of the ways claimed by the plaintiff as stated to you earlier in these instructions;

3.      Third, that the plaintiff was harmed;

4.      Fourth, that the wrongful conduct of the defendant was the proximate cause of the harm to the plaintiff.

You are to consider these propositions as to each plaintiff and defendant separately. If you find from your consideration of all the evidence that each of these propositions has been proved by a preponderance of the evidence by one or more plaintiffs as to one or more of the defendants, then that defendant or those defendants are liable and your verdict should be against that defendant or those defendants.

If, on the other hand, you find from your consideration of all of the evidence that a plaintiff has failed to prove any one of these things by a preponderance of the evidence against one or more defendants, then that defendants or those defendants are not liable and your verdict should be against that plaintiff or those plaintiffs and for that defendant or those defendants.

**Defendants' Alternate to Plaintiffs' 8**            Given _____
7th Cir. P.I. 7.16 (modified)           Given as Modified _____
*Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012);    Refused _____
*Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988)    Withdrawn _____

If you find in favor of a Plaintiff, then you must determine the amount of money that will fairly compensate that Plaintiff for any injury that you find she sustained as a direct result of the strip search conducted on March 31, 2011.  These are called "compensatory damages."

Plaintiff must prove her damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork.  This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering that Plaintiff has experienced.  No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate the Plaintiff for the injury she has sustained.

If you find in favor of a Plaintiff but find that the Plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

**Defendants' Alternate to Plaintiffs' 12**
7th Cir. P. I. 7.23 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you find for a Plaintiff on any claim, you may, but are not required to, assess punitive damages against a Defendant. The purposes of punitive damages are to punish a party for his or her conduct and to serve as an example or warning to the Defendant and others not to engage in similar conduct in the future.

The Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the Defendant. You may assess punitive damages only if you find that the Defendant's conduct was in reckless disregard of Plaintiff's rights. An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

–    the reprehensibility of the Defendant's conduct;

–    the impact of the defendant's conduct on Plaintiff;

–    the relationship between Plaintiff and the Defendant;

–    the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made;

–    the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

**Defendants' Alternate to Plaintiffs' 13**                    Given  _____
7th Cir. P. I. 3.13                                   Given as Modified _____
*Kolstad v. American Dental Ass'n,* 527 U.S. 526, 535-36 (1999)          Refused _____
*Smith v. Wade*, 461 U.S. 30 (1983)                        Withdrawn _____

You may not award damages for mental or emotional injury unless you first find that the Plaintiff suffered a physical injury resulting from the same constitutional violation.

**Defendants' Additional No. 1**                                      Given _____
42 U.S.C. §1997e(e)                                       Given as Modified _____
*Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011)                Refused _____
*Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2008)         Withdrawn _____
*Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003) (strip search case)
*Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997)

Prison officials have wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

**Defendants' Additional No. 2**                                          Given _____
42 U.S.C. §1997e(e)                                       Given as Modified _____
*Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979)                          Refused _____
*Whitman v. Nesic*, 368 F.3d 931, 934-35 (7th Cir. 2004)              Withdrawn _____

The Eighth Amendment to the Constitution of the United States forbids infliction of "cruel and unusual punishment."  Prison officials are accorded substantial deference in forming and executing measures they believe appropriate for prison security. The Eighth Amendment prohibits conduct by prison officials which constitutes the wanton infliction of pain or suffering. The question of whether a security measure constitutes the wanton infliction of pain or suffering turns upon whether defendants acted for the purpose of causing humiliation or psychological pain.

Strip searches do not violate the Constitution, if done for penological reasons, rather than as a means of harassment and infliction of psychological pain.  The Constitution does not prohibit prison officials from conducting strip searches, searching inmates in groups, or the observation of strip searches by members of the opposite sex, if motivated by a desire to further penological goals.  Such measures are, however, prohibited, if undertaken solely for the purpose of causing humiliation and psychological pain,

Strip searches may be unpleasant, humiliating, and embarrassing to prisoners, but not every psychological discomfort a prisoner endures amounts to a constitutional violation.  Only those strip searches that are maliciously motivated, unrelated to institutional security, and totally without penological justification constitute cruel and unusual punishment.  A strip search is only unconstitutional if it amounts to a calculated harassment unrelated to prison needs with the intent to humiliate and inflict psychological pain.

**Defendants' Additional No. 3**                                          Given _____
*Meriwether v. Faulkner*, 821 F.2d 408, 418 (7th Cir. 1987)    Given as Modified _____
*Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)              Refused _____
*Mays v. Springborn*, 575 F.3d 643 (7th Cir. 2009)              Withdrawn _____
*Whitman v. Nesic*, 368 F.3d 931, 934-35 (7th Cir. 2004)
*Johnson v. Phelen*, 69 F.3d 144(7th Cir, 1995)
*King v. McCarty*, 781 F.3d 899 (7th Cir 2015)

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

**Defendants' Additional #4**
7th Cir. P.I. 1.17

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**Defendants' Additional #5**
7th Cir. P.I. 1.21

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Certain diagrams have been shown to you.  Those diagrams are used for convenience and to help explain the facts of the case.  They are not themselves evidence or proof of any facts.

**Defendants' Additional #6**                                 Given _____
7th Cir. P.I. 1.24                                  Given as Modified _____
                                                            Refused _____
                                                          Withdrawn _____

You must give separate consideration to each claim and each party in this case.  Although there are six defendants, it does not follow that if one is liable, any of the others is also liable.  Although there are five plaintiffs, it does not follow that if one is successful, the others are too.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

**Defendants' Additional #7**
7th Cir. P.I. 1.25

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Defendants are being sued as individuals.  Neither the State of Illinois nor the Illinois Department of Corrections is a party to this lawsuit.

**Defendants' Additional #8**                                    Given _____
7th Cir. P.I. 7.01 (modified to reflect State and department)    Given as Modified _____
                                                                  Refused _____
                                                                  Withdrawn _____

Each Plaintiff must prove by a preponderance of the evidence that each Defendant was personally involved in the conduct that Plaintiff complains about.  You may not hold a Defendant liable for what other employees did or did not do unless the claim against that Defendant is based on a failure to intervene to stop the unconstitutional conduct.

**Defendants' Additional #9**
7th Cir. P.I. 7.02 (modified)
*Sanchez v. City of Chicago*, 700 F.3d 919 (7th Cir. 2012)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

You have heard evidence about whether a Defendant's conduct complied with or violated a rule, police, procedure, or standard.  You may consider this evidence in your deliberations in assessing the intent or motive of a defendant.  But remember that the issue is whether any defendant acted without a penological purpose in order to cause humiliation and psychological pain, not whether an administrative rule, Departmental policy, or procedure might have been complied with or violated.

**Defendants' Additional #10**                                    Given _____
7th Cir. P.I. 7.04 (modified)                           Given as Modified _____
*Mays v. Springborn*, 575 F.3d 643 (7th Cir. 2009)                Refused _____
                                                              Withdrawn _____

The credibility of a witness may be attacked by introducing evidence that the witness has been convicted of a crime.  Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

**Defendants' Additional #11**
I.P.I. No. 3.05

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you find in favor of plaintiff, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find she sustained as a result of the wrongful conduct of the defendants.  These are called "compensatory damages."

The court has determined that plaintiff is limited to recovering one dollar ($1.00) in damages on this claim.

**Defendants' Additional #12**
42 U.S.C. 1997e(e)
*Calhoun v. DeTella*, 319 F3d 936 (7th Cir. 2003)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

Plaintiffs Beverly Throgmorton, et al.,    )
                                    )
          vs.                    )
                                    )     CASE NO. 3:12-cv-3087
Defendants Russell Reynolds, et al.     )
                                    )

## **VERDICT FORM**

## **COUNT I**

On plaintiff Beverly Throgmorton's Eighth Amendment claims in Count I, we find in favor of:

1. _____
      Plaintiff Beverly Throgmorton or Defendant Russell Craig

2. _____
      Plaintiff Beverly Throgmorton or Defendant Troy Dawdy

*Note: each of the above 2 lines must be completed by finding either in favor of the plaintiff or in favor of the defendant listed for that number.*

On plaintiff Delores Henry's Eighth Amendment claims in Count I, we find in favor of:

1. _____
      Plaintiff Delores Henry or Defendant Russell Craig

2. _____
      Plaintiff Delores Henry or Defendant Troy Dawdy

*Note: each of the above 2 lines must be completed by finding either in favor of the plaintiff or in favor of the defendant listed for that number.*

On plaintiff Patricia Phillips' Eighth Amendment claims in Count I, we find in favor of:

1. _____
      Plaintiff Patricia Phillips or Defendant Russell Craig

2. _____
   Plaintiff Patricia Phillips or Defendant Troy Dawdy

*Note: each of the above 2 lines must be completed by finding either in favor of the plaintiff or in favor of the defendant listed for that number.*

On plaintiff Jacqueline Hegwood's Eighth Amendment claims in Count I, we find in favor of:

1. _____
   Plaintiff Jacqueline Hegwood or Defendant Russell Craig

2. _____
   Plaintiff Jacqueline Hegwood or Defendant Troy Dawdy

*Note: each of the above 2 lines must be completed by finding either in favor of the plaintiff or in favor of the defendant listed for that number.*

On plaintiff Ieshia Brown's Eighth Amendment claims in Count I, we find in favor of:

1. _____
   Plaintiff Ieshia Brown or Defendant Russell Craig

2. _____
   Plaintiff Ieshia Brown or Defendant Troy Dawdy

*Note: each of the above 2 lines must be completed by finding either in favor of the plaintiff or in favor of the defendant listed for that number.*

## COUNT II

On plaintiff Beverly Throgmorton's Eighth Amendment claims in Count II, we find in favor of:

1. _____
   Plaintiff Beverly Throgmorton or Defendant Renee Hatfield

2. _____
   Plaintiff Beverly Throgmorton or Defendant Melody Hulett

3. _____
   Plaintiff Beverly Throgmorton or Defendant Alan Pasley

4. _____
   Plaintiff Beverly Throgmorton or Defendant Russell Reynolds

*Note: each of the above 4 lines must be completed by finding either in favor of the plaintiff or in favor of the defendant listed for that number.*

On plaintiff Delores Henry's Eighth Amendment claims in Count II, we find in favor of:

1. _____
   Plaintiff Delores Henry or Defendant Renee Hatfield

2. _____
   Plaintiff Delores Henry or Defendant Melody Hulett

3. _____
   Plaintiff Delores Henry or Defendant Alan Pasley

4. _____
   Plaintiff Delores Henry or Defendant Russell Reynolds

*Note: each of the above 4 lines must be completed by finding either in favor of the plaintiff or in favor of the defendant listed for that number.*

On plaintiff Patricia Phillips' Eighth Amendment claims in Count II, we find in favor of:

1. _____
   Plaintiff Patricia Phillips or Defendant Renee Hatfield

2. _____
   Plaintiff Patricia Phillips or Defendant Melody Hulett

3. _____
   Plaintiff Patricia Phillips or Defendant Alan Pasley

4. _____
   Plaintiff Patricia Phillips or Defendant Russell Reynolds

*Note: each of the above 4 lines must be completed by finding either in favor of the plaintiff or in favor of the defendant listed for that number.*

On plaintiff Jacqueline Hegwood's Eighth Amendment claims in Count II, we find in favor of:

1. _____

Plaintiff Jacqueline Hegwood or Defendant Renee Hatfield

2. _____

Plaintiff Jacqueline Hegwood or Defendant Melody Hulett

3. _____

Plaintiff Jacqueline Hegwood or Defendant Alan Pasley

4. _____

Plaintiff Jacqueline Hegwood or Defendant Russell Reynolds

*Note: each of the above 4 lines must be completed by finding either in favor of the plaintiff or in favor of the defendant listed for that number.*

On plaintiff Ieshia Brown's Eighth Amendment claims in Count II, we find in favor of:

1. _____

Plaintiff Ieshia Brown or Defendant Renee Hatfield

2. _____

Plaintiff Ieshia Brown or Defendant Melody Hulett

3. _____

Plaintiff Ieshia Brown or Defendant Alan Pasley

4. _____

Plaintiff Ieshia Brown or Defendant Russell Reynolds

*Note: each of the above 4 lines must be completed by finding either in favor of the plaintiff or in favor of the defendant listed for that number.*

Dated: _____

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

Plaintiffs Beverly Throgmorton, et al.,   )
                                        )
            vs.                         )
                                        )     CASE NO. 3:12-cv-3087
Defendants Russell Reynolds, et al.    )
                                        )

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 8, 2016, the foregoing document, Defendants' Corrected

Proposed Jury Instructions, was electronically filed with the Clerk of Court using the CM/ECF

system which will send notification of such filing to the following:

| | |
|---|---|
| Michael I Kanovitz | Arthur R. Loevy |
| mike@loevy.com | loevylaw@loevy.com |
| | |
| Jonathan I. Loevy | Vincenzo Field |
| jon@loevy.com | vince@loevy.com |
| | |
| Ruth Z. Brown | Tara Elizabeth Thompson |
| ruth@loevy.com | tara@loevy.com |

Respectfully Submitted,

s/Laura K. Bautista_____

Laura K. Bautista, #6289023
Assistant Attorney General
Office of the Illinois Attorney General
500 South Second Street
Springfield, Illinois 62701
Phone: (217) 782-5819
Facsimile: (217) 524-5091
Email: lbautista@atg.state.il.us