## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Plaintiffs Beverly Throgmorton, et al., | ) |
| | ) |
| vs. | ) |
| | ) CASE NO. 3:12-cv-3087 |
| Defendants Russell Reynolds, et al. | ) |
| | ) |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

**ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case Defendants are current and former employees of the Illinois Department of Corrections and the Plaintiffs are private citizens. All parties are equal before the law. Each of the parties in this case is entitled to the same fair consideration.  You are thus not to afford any more credibility to statements made by witnesses or parties because they are correctional officers or supervisors and you are not to afford any less credibility to statements made by witnesses or parties because they are not correctional officers or supervisors.

Plaintiffs' Proposed Jury Instruction No. 1
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.03

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| ___X___ | Objected to |

# PRIOR INCONSISTENT STATEMENTS OR ACTS [IF APPLICABLE]

You may consider statements given by [RELEVANT PERSON] before trial as evidence of the truth of what he/she said in the earlier statements, as well as in deciding what weight to give his/her testimony.

[Only if any non-Party fact witnesses testify]: With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement [not under oath] [or acted in a manner] that is inconsistent with his testimony here in court, you may consider the earlier statement [or conduct] only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Plaintiffs' Proposed Jury Instruction No. 2
Source: Adapted from Seventh Circuit Civil Pattern Instruction No.1.14

|  |  |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| ___X___ | Objected to |

# CLAIMS

Plaintiffs in this case make the following claims:

First, Plaintiffs claim that each and every Defendant violated their Eighth Amendment rights to be free from cruel and unusual punishment by participating in an unconstitutional strip search of Plaintiffs.

Second, Plaintiffs claim that each and every Defendant entered into a conspiracy to deprive them of their Eight Amendment rights to be free from cruel and unusual punishment.

Third, Plaintiffs claim that each and every Defendant violated their Eighth Amendment rights to be free from cruel and unusual punishment by failing to intervene when they knew that others were violating or about to violate Plaintiffs' Eighth Amendment rights.

Finally, Plaintiffs claim that Defendants Melody Hulett, Russell Reynolds, Alan Pasley, Renee Hatfield, Troy Dawdy and Russell Craig have what is called "supervisory liability", meaning that as supervisors they knew other officers were violating or about to violate Plaintiffs' Eighth Amendment rights and approved of, assisted with, condoned, or ignored what other officers were doing.

Defendants deny each and every one of these claims.

Plaintiffs' Proposed Jury Instruction No. 3

|          | Given |
|----------|-------|
|          | Rejected |
|          | Withdrawn |
|    X     | Objected to |

# EIGHTH AMENDMENT:
# UNCONSTIUTIONAL STRIP SEARCH - ELEMENTS

Plaintiffs claim that the strip searches at Lincoln Correctional Center on March 31, 2011 constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. The Eighth Amendment prohibits the performance of strip searches in a harassing manner intended to humiliate and cause psychological pain.

To succeed in their Eighth Amendment claim, Plaintiffs must prove each of the following things by a preponderance of the evidence as to the particular Defendant you are considering:

1. Plaintiffs were subjected to strip searches conducted in a harassing manner intended to humiliate and cause psychological pain;

2. The Defendant you are considering was deliberately indifferent to a substantial risk of a punitive search occurring;

3. The conduct of the Defendant you are considering caused harm to Plaintiffs.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiffs as to that Defendant, and go on to consider the question of damages for that Defendant.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Defendant, and you will not consider the question of damages for that Defendant.

Plaintiffs' Proposed Jury Instruction No. 4
Sources: Adapted from Seventh Circuit Civil Pattern Instruction No. 7.10; *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009); *May v. Trancoso*, 412 F. App'x 899, 902 (7th Cir. 2011); *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003).

|          | Given |
|----------|-------|
|          | Rejected |
|          | Withdrawn |
|    X     | Objected to |

# EIGHTH AMENDMENT:
# PROOF OF INTENT TO HARASS

You may infer that a Defendant had an intent to harass from one or more of the following:

1. The lack of a valid reason for conducting the strip search;

2. Humiliating, demeaning, and/or shaming of one or more Plaintiffs during a strip search;

3. Sexual ridicule during a strip search;

4. The presence of opposite-sex spectators or civilian spectators during a strip search;

5. Violation of prison regulations during a strip search;

6. Unhygienic or uncomfortable conditions during a strip search

The manner in which a strip search is conducted can violate the Eighth Amendment even if there was a valid reason for the strip search.

Plaintiffs' Proposed Jury Instruction No. 5
Sources: *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009); *May v. Trancoso*, 412 F. App'x 899, 902 (7th Cir. 2011); *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003).

|          | Given     |
|----------|-----------|
|          | Rejected  |
|          | Withdrawn |
|    X     | Objected to |

## DELIBERATE INDIFFERENCE DEFINED

When I use the term "deliberately indifferent," I mean that a Defendant actually knew of a substantial risk of a harassing search, intended to humiliate and cause psychological pain, occurring, and that the Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it. In deciding whether the Defendant failed to take reasonable measures, you may consider whether it was practical for the Defendant to take corrective action. If you find that the Defendant strongly suspected that things were not as they seemed, yet shut his or her eyes for fear of what he or she would learn, you may conclude that the Defendant was deliberately indifferent. You may not conclude that a Defendant was deliberately indifferent if the Defendant was merely careless in failing to discover the truth.

Plaintiffs' Proposed Jury Instruction No. 6
Source: 7th Cir. Pat. Instr. Civ. 7.14 (modified to add "Ostrich Instruction" language); *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

|          | Given |
|----------|-------|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| ___X___  | Objected to |

## CLASS ACTION

This case is proceeding as a class action. A class action procedure allows the filing of one lawsuit by a representative or a small number of representatives on behalf of a whole group of plaintiffs who have similar claims. In this case, the Plaintiff Class is comprised of all persons who were subjected to the March 31, 2011 strip search at Lincoln Correctional Center. Your verdict here will be binding on all class members. You should not hold the physical absence of any class member against Class Plaintiffs.

Because this case is a class action, Plaintiffs are allowed to prove their claims by evidence which applies to the class as a whole, and do not need to prove each class member's claim individually.

Plaintiffs' Proposed Jury Instruction No. 7
Newberg on Class Actions § 11:22 (5th ed.)

|          |            |
|----------|------------|
| _____ | Given      |
| _____ | Rejected   |
| _____ | Withdrawn  |
| ___X___  | Objected to |

**LIABILITY OF SUPERVISORS: ELEMENTS**

To succeed on Supervisory Liability claims against Defendants Melody Hulett, Russell Reynolds, Alan Pasley, Renee Hatfield, Troy Dawdy, and/or Russell Craig, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1. Plaintiffs were subjected to unconstitutional strip searches;

2. Hulett, Reynolds, Pasley, Hatfield, Dawdy, and/or Craig knew that Plaintiffs were about to be subjected to unconstitutional strip searches;

3. Hulett, Reynolds, Pasley, Hatfield, Dawdy, and/or Craig approved of, assisted with, condoned, or purposely ignored Plaintiffs' being subjected to unconstitutional strip searches;

4. As a result, Plaintiffs were injured.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiffs as to that Defendant, and go on to consider the question of damages for that Defendant.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Defendant, and you will not consider the question of damages for that Defendant.

Plaintiffs' Proposed Jury Instruction No. 8
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.17

|          |              |
|----------|--------------|
| _____ | Given        |
| _____ | Rejected     |
| _____ | Withdrawn    |
|    X     | Objected to  |

# CLAIM FOR FAILURE OF "BYSTANDER" OFFICER
# TO INTERVENE - ELEMENTS

To succeed on their failure to intervene claim, against Plaintiffs must prove each of the following things by a preponderance of the evidence:

1. One or more Defendants subjected one or more Plaintiffs to unconstitutional strip searches;

2. The Defendant that you are considering knew that another Defendant was/was about to subject Plaintiffs to unconstitutional strip searches;

3. The Defendant that you are considering had a realistic opportunity to do something to prevent harm from occurring;

4. The Defendant that you are considering failed to take reasonable steps to prevent harm from occurring;

5. The failure to act by the Defendant that you are considering caused Plaintiffs to suffer harm;

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiffs as to that Defendant, and go on to consider the question of damages for that Defendant.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Defendant, and you will not consider the question of damages for that Defendant.

Plaintiffs' Proposed Jury Instruction No. 9
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.16

|   |   |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
|     X     | Objected to |

**CONSIDERATION OF CONDUCT AFTER MARCH 31, 2011**

You have heard evidence during this trial of what various Defendants did after the March 31, 2011 incident. You may consider a Defendant's conduct after March 31, 2011 as evidence of:

- that Defendant's motive, intent, or state of mind during the March 31, 2011 strip searches; and,
- whether that Defendant had notice or knowledge of any wrongdoing during the March 31, 2011 strip searches.

Plaintiffs' Proposed Jury Instruction No. 10
Source: Federal Rule of Evidence 404(b)(2); *Farmers Energy Corp. v. N.L.R.B.*, 730 F.2d 1098, 1101 (7th Cir. 1984); *United States v. Moschiano*, 695 F.2d 236, 244 (7th Cir. 1982).

|          |            |
|----------|------------|
| _____ | Given      |
| _____ | Rejected   |
| _____ | Withdrawn  |
| ___X___  | Objected to |

# VERDICT

We, the jury, find with respect to the claims of Plaintiffs as follows:

(Place an "X" on the appropriate line as regards each claim and each defendant).

### Plaintiffs' Eighth Amendment Direct Liability Claim

|  | For Plaintiffs |  | For Defendant |
|---|---|---|---|
| Melody Hulett | _____ | or | _____ |
| Russell Reynolds | _____ | or | _____ |
| Alan Pasley | _____ | or | _____ |
| Renee Hatfield | _____ | or | _____ |
| Troy Dawdy | _____ | or | _____ |
| Russell Craig | _____ | or | _____ |

### Plaintiffs' Eighth Amendment Supervisory Liability Claim

|  | For Plaintiffs |  | For Defendant |
|---|---|---|---|
| Melody Hulett | _____ | or | _____ |
| Russell Reynolds | _____ | or | _____ |
| Alan Pasley | _____ | or | _____ |
| Renee Hatfield | _____ | or | _____ |
| Troy Dawdy | _____ | or | _____ |
| Russell Craig | _____ | or | _____ |

**Plaintiffs' Eighth Amendment Failure to Intervene Claim**

|  | For Plaintiffs |  | For Defendant |
|---|---|---|---|
| Melody Hulett | _____ | or | _____ |
| Russell Reynolds | _____ | or | _____ |
| Alan Pasley | _____ | or | _____ |
| Renee Hatfield | _____ | or | _____ |
| Troy Dawdy | _____ | or | _____ |
| Russell Craig | _____ | or | _____ |

_____         _____
Presiding Juror

_____         _____

_____         _____

Dated: _____

Proposed Verdict Form

_____ Given
_____ Rejected
_____ Withdrawn
___X___ Objected to

Sources: Newberg on Class Actions § 11:22 (5th ed.) (e.g., in a class action, "plaintiffs are allowed to prove their claims by evidence which applies to the class as a whole, and do not need to prove each class member's claim individually").

RESPECTFULLY SUBMITTED,

/s/ Ruth Brown
Attorney for Plaintiffs

Tara Thompson
Ruth Brown
Vince Field
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Ruth Brown, an attorney, certify that on November 14, 2016, I caused the foregoing to be served on all counsel of record via CM/ECF electronic filing.

/s/ Ruth Brown