# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Plaintiffs Beverly Throgmorton, et al., | ) |
| | ) |
| vs. | ) |
| | ) CASE NO. 3:12-cv-3087 |
| Defendants Russell Reynolds, et al. | ) |
| | ) |

**PLAINTIFFS' CORRECTED ADDITIONAL JURY INSTRUCTIONS**

## CLAIMS

Plaintiffs in this case make the following claims:

First, Plaintiffs claim that each and every Defendant violated their Eighth Amendment rights to be free from cruel and unusual punishment by participating in an unconstitutional strip search of Plaintiffs.

Second, Plaintiffs claim that each and every Defendant violated their Eighth Amendment rights to be free from cruel and unusual punishment by failing to intervene when they knew that others were violating or about to violate Plaintiffs' Eighth Amendment rights.

Finally, Plaintiffs claim that each and every Defendant had what is called "supervisory liability", meaning that as supervisors they knew other officers were violating or about to violate Plaintiffs' Eighth Amendment rights and approved of, assisted with, condoned, or ignored what other officers were doing.

Defendants deny each and every one of these claims.

Plaintiffs' Corrections Proposed Jury Instruction No. 3

|  | Given |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| __X__ | Objected to |

**LIABILITY OF SUPERVISORS: ELEMENTS**

To succeed on Supervisory Liability claims against each Defendant, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1. Plaintiffs were subjected to unconstitutional strip searches;

2. The Defendant knew that Plaintiffs were about to be subjected to unconstitutional strip searches;

3. The Defendant approved of, assisted with, condoned, or purposely ignored Plaintiffs' being subjected to unconstitutional strip searches;

4. As a result, Plaintiffs were injured.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiffs as to that Defendant, and go on to consider the question of damages for that Defendant.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Defendant, and you will not consider the question of damages for that Defendant.

Plaintiffs' Corrected Proposed Jury Instruction No. 8
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.17

|          |            |
|----------|------------|
| _____ | Given      |
| _____ | Rejected   |
| _____ | Withdrawn  |
|    X     | Objected to|

Prison officials should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security, unless there is substantial evidence to indicate that such officials have exaggerated their response to these considerations.

Plaintiffs Alternate to Defendants' Additional 2 and 2B
Source: *Bell v. Wolfish*, 441 U.S. 520, 548 (1979)

Plaintiffs' believe that Defendants' Additional Instructions 2 and 2B are unnecessary and contrary to law, and that they will unduly confuse the jury. If an instruction on this topic is given, however, Plaintiffs propose the alternative above.

|          |            |
|----------|------------|
| _____ | Given      |
| _____ | Rejected   |
| _____ | Withdrawn  |
|    X     | Objected to |

RESPECTFULLY SUBMITTED,

/s/ Ruth Brown
Attorney for Plaintiffs

Tara Thompson
Ruth Brown
Vince Field
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Ruth Brown, an attorney, certify that on November 18, 2016, I caused the foregoing to be served on all counsel of record via CM/ECF electronic filing.

/s/ Ruth Brown