E-FILED
Monday, 21 November, 2016  05:27:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

BEVERLY THROGMORTON, et al.,          )
                                      )
    Plaintiffs,                       )
                                      )
    v.                                )          12-CV-3087
                                      )
RUSSELL REYNOLDS, et al.,             )
                                      )
    Defendants.                       )

JURY INSTRUCTIONS

1

Members of the jury, you have seen and heard all the evidence and will hear the closing arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

All parties are equal before the law. Each of the parties in this case is entitled to the same fair consideration.

You may consider statements given by a party before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

• the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

• the witness's memory;

• any interest, bias, or prejudice the witness may have;

• the witness's intelligence;

• the manner of the witness while testifying;

• and the reasonableness of the witness's testimony in light of all the evidence in the case.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. The purpose of these is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

10

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain diagrams have been shown to you. Those diagrams are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of something. Circumstantial evidence is proof of a fact, or a series of facts, which tend to show whether something is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

This case is proceeding as a class action. A class action procedure allows the filing of one lawsuit by a representative or a small number of representatives on behalf of a whole group of plaintiffs who have similar claims. In this case, the Plaintiff Class is comprised of all persons who were subjected to the March 31, 2011 strip search at Lincoln Correctional Center. Your verdict here will be binding on all class members. You should not hold the physical absence of any class member against Class Plaintiffs.

Because this case is a class action, Plaintiffs are allowed to prove their claims by evidence which applies to the class as a whole, and do not need to prove each class member's claim individually.

You must give separate consideration to each claim and each Defendant in this case. Although there are six defendants, it does not follow that if one is liable, any of the others is also liable.

Defendants are being sued as individuals. Neither the State of Illinois nor the Illinois Department of Corrections is a party to this lawsuit.

You have heard evidence that Plaintiffs have been convicted of crimes. You may consider this evidence only in deciding whether Plaintiffs' testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

You have heard evidence about whether Defendants' conduct complied with Illinois administrative rules and generally accepted national correctional standards and practices. You may consider this evidence as it relates to one or more Defendants' motive or intent. But remember that the issue is whether one or more Defendants violated Plaintiffs' Eighth Amendment rights, not whether administrative rules and generally accepted national correctional standards and practices have been complied with or violated.

Plaintiffs must prove by a preponderance of the evidence that each Defendant was personally involved in the conduct the Plaintiffs complain about.  Except as otherwise stated in these instructions you may not hold a Defendant liable for what other employees did or did not do.

Plaintiffs in this case make the following claims:

First, Plaintiffs claim that each and every Defendant violated their Eighth Amendment rights to be free from cruel and unusual punishment by directly participating in a strip search conducted in a harassing manner intended to humiliate and cause psychological pain.

Second, Plaintiffs claim that each and every Defendant violated their Eighth Amendment rights to be free from cruel and unusual punishment by failing to intervene when they knew that others were conducting a strip search in a harassing manner intended to humiliate and cause psychological pain.

Finally, Plaintiffs claim that each and every Defendant has what is called "supervisory liability," meaning that as supervisors they knew other officers were violating or about to violate Plaintiffs' Eighth Amendment rights and approved of, assisted with, condoned, or ignored what other officers were doing.

Defendants deny each and every one of these claims.

To succeed in their Eighth Amendment claim based on direct participation, Plaintiffs must prove each of the following things by a preponderance of the evidence as to the particular Defendant you are considering:

1. Plaintiffs were subjected to strip searches conducted in a harassing manner intended to humiliate and cause psychological pain;

2. The Defendant you are considering was deliberately indifferent to a substantial risk that the strip searches were being conducted in a harassing manner intended to humiliate and cause psychological pain;

3. The conduct of the Defendant you are considering caused harm to Plaintiffs.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiffs as to that Defendant.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Defendant.

25

When I use the term "deliberately indifferent," I mean that a Defendant actually knew of a substantial risk that the strip search was being conducted in a harassing manner intended to humiliate and cause psychological pain, and that the Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it. In deciding whether the Defendant failed to take reasonable measures, you may consider whether it was practical for the Defendant to take corrective action. If you find that the Defendant strongly suspected that things were not as they seemed, yet shut his or her eyes for fear of what he or she would learn, you may conclude that the Defendant was deliberately indifferent. You may not conclude that a Defendant was deliberately indifferent if the Defendant was merely careless in failing to discover the truth.

To succeed on the supervisory liability claim against a particular Defendant, Plaintiffs must prove each of the following things by a preponderance of the evidence against that Defendant:

1. Plaintiffs were subjected to strip searches conducted in a harassing manner intended to humiliate and cause psychological pain;

2. The Defendant under consideration knew that Plaintiffs were about to be or were being subjected to strip searches conducted in a harassing manner intended to humiliate and cause psychological pain;

3. The Defendant under consideration approved of, assisted with, condoned, or purposely ignored that Plaintiffs were about to be or were being subjected to strip searches conducted in a harassing manner intended to humiliate and cause psychological pain;

4. As a result, Plaintiffs were injured.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiffs as to that Defendant.

27

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Defendant.

To succeed on their failure to intervene claim against a particular Defendant, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1. Plaintiffs were subjected to strip searches conducted in a harassing manner intended to humiliate and cause psychological pain;

2. The Defendant that you are considering knew that Plaintiffs were about to be or were being subjected to strip searches conducted in a harassing manner intended to humiliate and cause psychological pain;

3. The Defendant that you are considering had a realistic opportunity to do something to prevent harm from occurring;

4. The Defendant that you are considering failed to take reasonable steps to prevent harm from occurring;

5. The failure to act by the Defendant that you are considering caused Plaintiffs to suffer harm.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiffs as to that Defendant.

29

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence as to a particular Defendant, then you should find for that Defendant.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.  A verdict form has been prepared for you.

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

The verdict form reads as follows.

**VERDICT FORM**
**Throgmorton v. Reynolds, et al., 12cv3087**

We, the jury, find with respect to the claims of Plaintiffs as follows:

*(Place an "X" on the appropriate line as regards each claim and each defendant).*

### Plaintiffs' Eighth Amendment Direct Liability Claim

|  | For Plaintiffs |  | For Defendant |
|---|---|---|---|
| Melody Hulett | _____ | or | _____ |
| Russell Reynolds | _____ | or | _____ |
| Alan Pasley | _____ | or | _____ |
| Renee Hatfield | _____ | or | _____ |
| Troy Dawdy | _____ | or | _____ |
| Russell Craig | _____ | or | _____ |

### Plaintiffs' Eighth Amendment Supervisory Liability Claim

|  | For Plaintiffs |  | For Defendant |
|---|---|---|---|
| Melody Hulett | _____ | or | _____ |
| Russell Reynolds | _____ | or | _____ |
| Alan Pasley | _____ | or | _____ |
| Renee Hatfield | _____ | or | _____ |
| Troy Dawdy | _____ | or | _____ |
| Russell Craig | _____ | or | _____ |

*(continued on next page)*

## VERDICT FORM CONTINUED

### Plaintiffs' Eighth Amendment Failure to Intervene Claim

|  | For Plaintiffs |  | For Defendant |
|---|---|---|---|
| Melody Hulett | _____ | or | _____ |
| Russell Reynolds | _____ | or | _____ |
| Alan Pasley | _____ | or | _____ |
| Renee Hatfield | _____ | or | _____ |
| Troy Dawdy | _____ | or | _____ |
| Russell Craig | _____ | or | _____ |

On the date below, we, the jury, completed this entire verdict form and signed below.

Date: _____

_____     _____
Presiding Juror

_____     _____

_____     _____

_____     _____

35