IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

BEVERLY THROGMORTON, et al., )
)
    Plaintiffs, )
)
vs. ) No. 12-3087
)
RUSSELL REYNOLDS, et al., )
)
    Defendants. )

**RESPONSE TO PLAINTIFFS' OBJECTION TO DEFENDANTS' BILL OF COSTS**

NOW COME the defendants, Russell Craig, Troy Dawdy, Renee Hatfield, Melody Hulett, Alan Pasley, and Russell Reynolds, by and through their counsel, LISA MADIGAN, Attorney General for the State of Illinois, and pursuant to 28 U.S.C. § 1920 and Rule 54(d) of the Federal Rules of Civil Procedure, hereby respond to plaintiffs' objections to the bill of costs. In support thereof, the following statements are made:

**INTRODUCTION**

On March 20, 2012, Beverly Throgmorton, Delores Henry, and Patricia Phillips filed a lawsuit on behalf of themselves and on behalf of a putative class against nine defendants. Plaintiffs claimed that the defendants violated their rights under the Fourth and Fourteenth Amendments by subjecting them to an unreasonable strip search. Plaintiffs also claimed that the defendants violated their rights under the Eighth Amendment by conducting the strip search in a harassing manner intended to humiliate them. Plaintiffs filed several amended complaints, ultimately ending with the filing of their sixth amended complaint on March 31, 2014. In the sixth amended complaint, there were six named plaintiffs: Beverly Throgmorton, Jacqueline Hegwood, Delores Henry, Patricia Phillips, and Ieshia Brown. There were also 36 Defendants in the sixth amended complaint. Plaintiffs continued to pursue their claims brought pursuant to the Fourth, Fourteenth,

1

and Eighth Amendments and also brought a claim for injunctive relief to prevent future conduct similar to the conduct of which they complain.

The parties engaged in discovery. Plaintiffs noticed and took not less than 8 depositions, including the depositions of individuals and representatives of the Illinois Department of Corrections (IDOC). Defendants ordered transcripts for only six of the depositions taken by Plaintiffs. Defendants did not take any depositions.

Plaintiffs Throgmorton, Henry, Phillips, and Hegwood filed their first motion to certify a damages class and an injunctive relief class on March 1, 2013 (d/e 35), which was granted as to the damages class and denied as to the injunctive relief class. (d/e 68). Plaintiffs Throgmorton, Henry, Phillips, Hegwood, Sandra Brown, and Ieshia Brown filed a second motion to certify an injunctive relief class on March 3, 2014. (d/e 80). This motion was granted on October 21, 2014 (d/e 87). The damages class was defined as follows:

> All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center.
>
> Subclass A, consisting of: All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center and who remain in the custody of the Illinois Department of Corrections.
>
> Subclass B, consisting of: All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center and who were subsequently released from the custody of the Illinois Department of Corrections.

The injunctive relief class was defined as follows:

> All women who are currently incarcerated at Logan Correctional Center, and all women who will be incarcerated at Logan Correctional Center in the future.

Defendants filed a motion for summary judgment November 30, 2015 (d/e 102, 103), and plaintiffs responded on February 12, 2016. (d/e 113). In their response, plaintiffs stated that they were no longer pursuing their claims against 15 defendants, leaving 17 defendants sued in their

individual capacities and four defendants sued in their official capacities. On April 16, 2016, summary judgment was entered in all defendants' favor on plaintiffs' Fourth and Fourteenth Amendment claims. (d/e 122). Additionally, the Court entered summary judgment in favor of the 15 defendants for whom plaintiffs abandoned their claims. The Court denied summary judgment on plaintiffs' Eighth Amendment and injunctive relief claims.

On November 8, 2016, the Court entered a text order reflecting that Plaintiffs indicated during the final pretrial conference that named plaintiff Sandra Brown was a class representative for injunctive purposes only, though they may call her as a testifying witness. The Court ordered that Sandra Brown was not to sit at counsel table and directed Plaintiffs to file a notice indicating on which day they intended to call Sandra Brown to testify so that a new writ could be issued for the Department of Corrections to bring her to trial. Plaintiffs notified the Court of the date(s) they would like Sandra Brown to testify (d/e 159), and a writ was issued (d/e 160). Although Sandra Brown was brought to trial as ordered by the Court, she was never called to testify.

On November 8, 2016, plaintiffs, on behalf of themselves and others similarly situated, filed a motion to dismiss their Eighth Amendment claims against 11 defendants without prejudice. (d/e 156). On November 9, 2016, immediately before voir dire was scheduled to begin, plaintiffs orally amended their motion to request dismissal with prejudice, which the Court granted in a text order entered that same day. As a result, only six defendants remained at trial.

This matter proceeded to a jury trial on November 14, 2016. Immediately before the trial began, Beverly Throgmorton was withdrawn as a class representative. (*See* November 14, 2016 minute entry). During trial, at least two of the named plaintiffs testified that they were currently employed. Only two of the named plaintiffs (Ieshia Brown and Sandra Brown) remained incarcerated by the time this case went to trial. On November 21, 2016, the jury rendered a verdict

in favor of the defendants and against plaintiffs, and judgment was entered the next day. After four years of litigation, Defendants prevailed at summary judgment and trial and filed a timely bill of costs on December 14, 2016 seeking reimbursement of $2,035.71. (d/e 184). Plaintiffs filed an appeal of the Court's ruling on summary judgment on December 21, 2016 and filed an objection to the bill of costs on January 11, 2017. As discussed below, plaintiffs' objections to the bill of costs should be overruled.

## ISSUES AND ARGUMENTS

**I.     AN AWARD OF COSTS IS PRESUMPTIVELY PROPER**

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Supreme Court has determined that for purposes of 28 U.S.C. §1920, the definition of costs is as it is used in Rule 54(d) of the Federal Rules of Civil Procedure. *Crawford Fitting Co. v. J. T. Gibbons*, 482 U.S. 437, 441 (1987).

Costs do not include all litigation expenses, but, rather, are particular statutorily defined categories of incurred charges worthy of reimbursement. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 537, 445 (1987). If the cost is listed as taxable pursuant to 28 U.S.C. §1920, there is a presumption that the item should be taxed against the losing party. *Andrews v. Suzuki Motor Co.*, 161 F.R.D. 383, 384 (S.D. Ind. 1995). There is a strong presumption that a prevailing party will recover costs. *Weeks v. Samsung Heavy Industries Co.*, 126 F.3d 926, 945 (7th Cir. 1997). A prevailing party should recover costs as a matter of course. *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 811 (7th Cir. 2003). The losing party bears the burden of an affirmative showing that the taxed costs are not appropriate. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir, 2005). "[T]o overcome the presumption in favor of a grant of costs, the losing party must

demonstrate that 'there has been some fault, misconduct, default, or action worthy of penalty of the prevailing side.'" *Hudson v. Nabisco Brands,* Inc., 758 F.2d 1237, 1242 (1985), *overruled on other grounds by Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989), *citing Delta Air Lines v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982). When a trial court refuses to award costs to a prevailing party, it should state the reasons with particularity. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 454 (7th Cir. 1998).

The trend in this circuit is to award costs to a prevailing party, unless exceptional circumstances are present. *FASA Corp. v. Playmates Toys, Inc.*, 108 F.3d 140, 144 (7th Cir. 1997)(*citing Overbeek v. Heimbecker*, 101 F.3d 1225, 1228 (7th Cir. 1996)) or unless the case has a mixed outcome. *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996). It is insufficient to avoid costs that the plaintiff had a reasonable basis for his case or that it may be a hardship upon on the plaintiff to pay the costs. *Corder v. Lucent Technologies, Inc.*, 162 F.3d 924, 929 (7th Cir. 1998); *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 491 (7th Cir. 1982). The Seventh Circuit has recognized only two situations where denial of costs is might be warranted: indigence or a party engaging in misconduct. *Mother and Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003). Neither situation is applicable in this case. As explained in further detail hereinafter, the costs sought should be reimbursed to the defendants, who are prevailing parties, because the costs are reasonable, were necessarily incurred, and are presumptively proper.

## II.     DEFENDANTS ARE PREVAILING PARTIES

There is no question that defendants Russell Craig, Troy Dawdy, Renee Hatfield, Melody Hulett, Alan Pasley, and Russell Reynolds were prevailing parties in this case as judgment was entered entirely in their favor. "Prevailing party" is a legal term of art generally defined as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded."

*Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598. 603 (2001). Although a party does not need to prevail on all of the issues before the court, *id.*, the defendants in this case did, in fact, prevail on all issues.

Because defendants prevailed on all claims against them, they are prevailing parties and are presumptively entitled to costs.

### III.   THE COSTS AS REQUESTED SHOULD BE TAXED IN FULL AGAINST THE NAMED PLAINTIFFS

Defendants are seeking costs from the named Plaintiffs for deposition transcripts and witness/mileage fees for individuals testifying on defendants' behalf at trial. Those costs should be taxed in full as discussed below.

**1. Costs Should Be Adjudicated and Enforced Now.**

The Court should deny plaintiffs' request to stay adjudication and/or enforcement of costs pending their appeal of the Court's ruling on summary judgment. First, plaintiffs fail to cite any authority in support of their request that the Court stay adjudication of costs in this case. Rather, plaintiffs cite only to cases in which the courts stayed **enforcement** of costs during an appeal, not the adjudication of costs themselves.

There is no reason to delay consideration of the defendants' bill of costs. "[C]osts are appealable separately from the merits; a district court may award costs even while the substantive appeal is pending." *Lorenz v. Valley Forge Ins. Co.,* 23 F.3d 1259, 1260 (7th Cir. 1994). A pending appeal "is not a good reason to postpone consideration" of defendant's bill of costs. *In re Text Messaging Antitrust Litig.,* No. 08 C 7082, 2014 WL 4343286, at *1 (N.D. Ill. Sept. 2, 2014) (Kennelly, J.). "[P]rompt action on defendant[']s bills of costs actually promotes judicial economy, because if plaintiffs appeal the Court's decision, any subsequent appeal from the order on costs can

be consolidated with the appeal on the merits and heard at the same time." *Id.* (internal citations and quotations omitted). *See also Collins v. United States,* No. 03 C 2958, 2008 WL 4549303, at *1 (N.D. Ill. Apr. 24, 2008) ("an expeditious ruling on a bill of costs is favored to avoid piecemeal appeals"). For these reasons, plaintiffs' request to delay consideration of the bill of costs should be denied.

Likewise, plaintiffs' request to stay enforcement of costs should also be denied. Plaintiffs could automatically obtain a stay in this case by posting a bond. Fed. R. Civ. Pro. 62(d). Alternatively, plaintiffs must satisfy certain criteria to obtain a stay of the execution of the judgment without posting bond. Plaintiffs have not shown that they have satisfied these criteria. Specifically, when determining whether to waive the posting of bond, a court should consider the following: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the losing party's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the losing party is in such a precarious financial situation that the requirement to post a bond would place other creditors in an insecure position. *Dillon v. City of Chicago*, 866 F. 2d 902, 904-05 (7th Cir. 1988).

Plaintiffs have failed to address any of these factors in their objection. Rather, plaintiffs imply that they are indigent, suggesting that collection will be difficult, at best. For these reasons, the Court should deny plaintiffs' unsupported request to stay adjudication and/or enforcement of costs in this case.

**2. Costs Are Appropriate In This Case.**

The Court should deny plaintiffs' claim that a balancing of the equities warrants denying

costs in this case. As stated above, the Seventh Circuit has recognized only two situations where denial of costs might be warranted: indigence or a party engaging in misconduct. *Mother and Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003). Neither situation is applicable in this case. Plaintiffs cite a Ninth Circuit case to support their argument that other factors should be considered in determining whether costs should be denied; however, that analysis has not been adopted by the Seventh Circuit.

Plaintiffs do not claim defendants engaged in misconduct in this case. However, Plaintiffs repeatedly imply, if not directly argue, that costs should not be awarded because the class consists of "all prisoners or former prisoners [who] are effectively judgment-proof due to their indigent, low-income status." Objection at 3. In essence, plaintiffs claim that Defendants' Bill of Costs should be denied because the named plaintiffs are indigent. Plaintiffs' claim is easily discarded.

It is true that district courts do have discretion to not assess costs against an indigent plaintiff. *See Johnson v. Allstate Ins. Co.*, 2012 WL 4936598 at * 11 (S.D. Ill Oct. 16, 2012)(citing *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) and *Mother & Father v. Cassidy*, 338 F.3d 704,708 (7th Cir. 2003)). As the *Johnson* court noted, however, "the presumption that costs will be awarded is a strong one." 2012 WL 4936598 at *12 (citations omitted). In order to avail themselves of the indigency exception to paying costs, the named plaintiffs must first *prove* that they cannot pay:

> The Seventh Circuit has held that a plaintiff who fails to establish he is incapable of paying court-imposed costs now 'or in the future' is not entitled to avoid court-assessed costs via the indigency exception.

*Id.* (citing *McGill v. Faulkner*, 18 F.3d 456, 459-60 (7th Cir. 1994)).

Here, Plaintiffs have offered no evidentiary support whatsoever for their conclusory assertion that they cannot pay the small amount of costs at issue here – $2035.71 – now or in the

future. Plaintiffs' hollow pleas of indigence must be rejected.

Likewise, the Court should reject plaintiffs' baseless claim that costs should be denied because the State of Illinois paid for the costs of defense, rather than the defendants paying themselves. Plaintiffs provide no support for this argument, and a similar argument has been rejected for being "without merit." *Kittler v. City of Chicago*, 03 C 6992, 2006 WL 1762036, *2 (N.D. Ill. June 26, 2006).[1] Therefore, the Court should award costs in this case.

### 3. Costs Should be Awarded against the Named Plaintiffs.

Plaintiffs argue that Defendants' Bill of Costs should be denied because plaintiffs don't know who should be held responsible for such costs. Response at 5. They set up a straw man, claiming that Defendants seek costs from the class, and assert that class members should not have to pay costs because the class notice specifically stated that they "will never be asked to pay any money out of pocket for being a member of the class." *Id*. Plaintiffs' attempt at distraction does not relieve them from paying costs after Defendants prevailed at trial.

To be clear, Defendants seek costs from the named plaintiffs collectively – and not the class. Plaintiffs' own authority, *Johnson v. Allstate Ins. Co.*, 2012 WL 4936598 at * 10 (S.D. Ill. Oct. 16, 2012), makes clear that "[c]lass representatives must have some commitment to their case, and that includes exposure to costs under Rule 54(d)(1)." *See also Rand v. Monsanto*, 926 F.2d 596, 599 (7th Cir. 1991)("the named plaintiff must have *some* commitment to the case, so that the 'representative' in a class action is not a fictive concept"). Defendants have never suggested that they seek costs from the plaintiff *class* – Defendants' Bill of Costs properly seeks an award from the named plaintiffs. Therefore, plaintiffs' objection should be denied.

---

[1] Counsel for plaintiffs in this case are employed by the same firm as counsel for plaintiff in the *Kittler* case.

### 4. Costs Should Not be Assessed Against the Named Plaintiffs on a *Pro Rata* basis.

Plaintiffs again rely upon *Johnson*, 2012 WL 4936598 at * 10-11, to argue if the Court does award costs, such an award against the named plaintiffs should be on a *pro rata* basis. Plaintiffs argue that Beverly Throgmorton, whom plaintiffs voluntarily dismissed just prior to the start of trial, and Sandra Brown, who ultimately was not called to testify but remained a named plaintiff for injunctive relief, should not have to bear any costs. In *Johnson*, eleven named plaintiffs brought a putative class action lawsuit. However, four months prior to trial, the parties stipulated to the dismissal of nine of the named plaintiffs, and defendant Allstate stipulated to that dismissal, *with each side to bear its own costs*. The *Johnson* court held that the nine dismissed plaintiffs did not have to share in paying costs, because "Allstate chose not to pursue costs against nine of the eleven named plaintiffs against whom it prevailed." 2012 WL 4936598 at * 10.

Here, in contrast, Defendants never agreed not to pursue costs from any of the named plaintiffs. Plaintiffs' voluntarily dismissal of Beverly Throgmorton, right before the start of trial, did not include an agreement with Defendants about not pursuing costs against Ms. Throgmorton should Defendants prevail at trial. Plaintiffs also claim that costs should not be assessed against named plaintiff Sandra Brown, but she was never dismissed from the action, and certainly Defendants never agreed not to seek costs from Ms. Brown. Defendants' costs, all of which were incurred prior to plaintiffs' decision to voluntarily dismiss Ms. Throgmorton and to not call Ms. Brown to testify, should be paid by all named plaintiffs, and not on a *pro rata* basis.

### 5. Mileage Costs Are Adequately Supported.

The Court should deny Plaintiffs' objection to the mileage costs sought by defendants. Defendants filed a bill of costs seeking a total of $580.74 for witness and mileage fees for six state employees who testified at trial. Defendants did not seek witness or mileage fees for Abraham

Anderson, a retired state employee who also testified at trial. Of the amount sought by Defendants, $340.74 was for mileage (for 5 witnesses who traveled from Lincoln, IL and one who traveled from Joliet, IL) and $200 was for witness fees.

The mileage sought in this case is reasonable and sufficiently supported by the affidavit submitted with Defendants' bill of costs. Defendants are not seeking recovery for payment of the witnesses' salaries. Rather, defendants seek to recover the witness and mileage fees permitted by statute because defendants did pay the witnesses to be present at trial, albeit they were paid their actual salaries, which well exceeds the witness and mileage fees being sought here. Costs to reimburse witness fees and their reasonable travel and lodging can be taxed pursuant to 28 U.S.C. §1920(3). *Majeske v. City of Chicago,* 218 F.3d 816, 825-26 (7th Cir. 2000). Travel costs can be taxed even where the witness is willing to attend or has come from beyond the subpoena range. *Chicago College of Osteopathic Medicine v. George Fuller Co.*, 801 F.2d 908, 910 (7th Cir. 1986).

In *Rainey v. Metropolitan Water Reclamation District of Greater Chicago*, the Court awarded the defendant, who prevailed in the case, a $40 witness fee for producing an employee to testify. 2013 WL 6068599, *2 (N.D. Ill. Nov. 18, 2013). Although the Court in *Rainey* denied that defendant's requests for the employee's entire salary for the day to be paid, Defendants in this case have not requested for the witnesses' salaries to be paid by plaintiffs. Rather, they have requested an extremely modest amount of witness and mileage fees for witnesses who actually testified at trial. Plaintiffs have not presented any authority holding otherwise.

Plaintiffs, again without citing authority, assert that defendants must show that all witnesses drove private vehicles in order to recover mileage. This misinterprets the statute. The mileage reimbursement rate is simply based on the amount an employee of the federal government can receive when traveling by private vehicle. It is unreasonable to interpret this as requiring proof

that all witnesses traveled by private vehicle, and plaintiffs have provided no support for this contention.

The affidavit filed in support of the costs sought is sufficient. Where the losing party complained that the prevailing party did not adequately prove the costs incurred, the Seventh Circuit Court of Appeals has held that an affidavit made by an attorney "having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed" is sufficient to tax costs. *National Organization for Women, Inc. v. Scheidler*, 750 F.3d 696, 698 (7th Cir. 2014). As explained by the court,

> No statute or rule requires more. Parts of plaintiffs' brief propose that the affidavit go through the record to demonstrate why *each transcript*, and perhaps even each copy of any document, was necessary. That would be preposterous. Copies are made for pennies a page. Having a lawyer devote the time necessary to demonstrate the necessity of each transcript and every copy of a document would be far more costly than the copying itself. No sensible legal system requires parties to waste $60 of lawyers' time to explain the spending of $6 on making a copy of something.

*Id.* at 698 [emphasis in original].

In this case, defendants provided an affidavit in support of the mileage and witness fees sought in this case. The witnesses did travel to court and did testify at trial. The costs requested by the defendants are contemplated in the itemizations as prescribed in 28 U.S.C. §1920. Defendants have provided evidence that the charges were reasonable and necessary and actually incurred. As such, the costs as requested should be taxed in full.

## **CONCLUSION**

After being sued by plaintiffs and enduring four years of litigation, defendants Russell Craig, Troy Dawdy, Renee Hatfield, Melody Hulett, Alan Pasley, and Russell Reynolds prevailed and seek costs of $2,035.71 for witness/mileage fees and amounts paid for copies of depositions

taken by plaintiffs. An award of costs in favor of a prevailing party is presumptively proper, and plaintiffs have failed to meet their burden to show that costs are not proper in this case.

WHEREFORE, defendants Russell Craig, Troy Dawdy, Renee Hatfield, Melody Hulett, Alan Pasley, and Russell Reynolds request that plaintiffs' objections be overruled and that the defendants' bill of costs be taxed against the named plaintiffs.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | RUSSELL CRAIG, TROY DAWDY, RENEE HATFIELD, MELODY HULETT, ALAN PASLEY, and RUSSELL REYNOLDS, |
|  | Defendants, |
|  | LISA MADIGAN, Attorney General, |
| Laura K. Bautista #6289023 | State of Illinois, |
| Assistant Attorney General |  |
| 500 South Second Street | Attorney for Defendants, |
| Springfield, Illinois 62701 |  |
| (217) 782-5819 Phone | BY:  s/ Laura K. Bautista |
| (217) 524-5091 Fax | Laura K. Bautista |
| Email: lbautista@atg.state.il.us | Assistant Attorney General |

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BEVERLY THROGMORTON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 12-3087 |
| | ) |
| RUSSELL REYNOLDS, et al., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2017, the foregoing Response to Plaintiffs' Objection to Defendants' Bill of Costs was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | | | |
|---|---|---|---|
| Michael I Kanovitz | Arthur R. Loevy | Rachel Steinback | Jonathan I. Loevy |
| mike@loevy.com | loevylaw@loevy.com | Rachel@loevy.com | jon@loevy.com |
| | | | |
| Daniel Twetten | Ruth Z. Brown | Tara Elizabeth Thompson | |
| dan@loevy.com | ruth@loevy.com | tara@loevy.com | |

Respectfully submitted,

s/ Laura K. Bautista
Laura K. Bautista #6289023
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, IL   62701
Telephone:   (217) 782-5819
Facsimile:   (217) 782-8767
lbautista@atg.state.il.us