IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| PATRICIA PHILLIPS, et al., on behalf of themselves and a class of others similarly situated.<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>MELODY HULETT, et al.<br><br>　　　Defendants. | Case No. 3:12-cv-3087<br><br>Judge Sue E. Myerscough<br><br><br><br><br><br>JURY TRIAL DEMANDED |

### PLAINTIFFS' RESPONSE TO THE COURT'S ORDER OF JUNE 21, 2022

Plaintiffs Patricia Phillips, Ieshia Brown, and Veela Morris, on behalf of themselves and others similarly situated, by their counsel, LOEVY & LOEVY, respectfully respond as follows to the Court's order of June 21, 2022, requesting "briefs on [the] propriety of entry of judgment under FRCP 58 or 54(b)." In response, Plaintiffs state as follows:

　　　1.　　At the trial that began in May 2022, the jury decided liability for the class, and also made findings as to damages for six class members. Still yet to be adjudicated are damages for the remainder of the class, Plaintiffs' claim for injunctive relief, and attorney's fees and costs. Plaintiffs thus agree with Defendants that a judgment is premature under Rule 58 or 54(b) of the Federal Rules of Civil Procedure. Dkt. 275 at 2.

　　　2.　　Plaintiffs disagree with Defendants that an interlocutory appeal pursuant to 28 U.S.C. § 1292 is appropriate. This case is already a decade old, and an interlocutory appeal will significantly delay (and also complicate) resolution of the outstanding issues before this Court, increase Plaintiffs' litigation costs, and misuse the Seventh Circuit's limited resources. Defendants will have every opportunity to appeal post-judgment, but they are not entitled to two

bites at the appellate apple.

3. Because piecemeal interlocutory appeals are the exception and not the rule, 28 U.S.C. § 1292 sets a high threshold for certification of interlocutory questions: a litigant must show not only that immediate appeal will "materially advance the ultimate termination of the litigation" but also that the appeal involves a "controlling" "question of law" as to which there is "substantial ground for difference of opinion." *Id.* The litigant seeking an interlocutory appeal bears the "heavy burden" to prove that each of these requirements is satisfied. *E.g.*, *In re Woltman*, No. 06-2088, 2006 WL 2052078, at *2 (C.D. Ill. May 24, 2006); *In re MCK Millennium Ctr. Parking, LLC*, No. 12 B 24676, 2015 WL 2004887, at *2 (N.D. Ill. Apr. 29, 2015). "Interlocutory appeals are disfavored" and should be granted "only sparingly." *In re Woltman*, 2006 WL 2052078, at *2 (quotation omitted).

4. Defendants have fallen far short of meeting their burden here. First, they have not shown that each of the issues they seek to raise in an interlocutory appeal qualifies as a pure question of law. For example, most of the qualified immunity arguments Defendants raise in their post-trial motion turn on the specific facts of the strip searches. Defendants' arguments as to punitive damages (and the question of whether Plaintiffs suffered a sufficient physical injury) are likewise fact-specific questions that implicate fact-intensive disputes in the trial record and pre-trial litigation.

5. Defendants likewise fail to meet their burden of showing that each of the issues on which they seek an interlocutory appeal is "controlling" under the meaning of Section 1292. For example, Defendants' arguments about compensatory and punitive damages overlook nominal damages and attorney's fees and costs to which Plaintiffs are entitled. *See, e.g.*, *Whitaker v. Kenosha Unified Sch.*, No. 16-CV-943-PP, 2016 WL 5376330, at *4 (E.D. Wis.

Sept. 25, 2016) ("where the appellate court's resolution of the one arguably controlling question of law would not end the litigation as to the other grounds, the appellate court's decision would not materially advance the ultimate termination of the litigation").

6. Defendants also cannot show that each of the issues on which they seek an interlocutory appeal is contestable. "To prevail on this point, the Appellant is required to demonstrate that a 'substantial likelihood exists that the interlocutory order will be reversed on appeal.'" *In re MCK Millennium Ctr. Parking, LLC*, 2015 WL 2004887, at *4. Defendants have not even attempted to make such a showing. *See* Dkt. 275 at 2. Indeed, Defendants' post-trial motion acknowledges that their (second) summary judgment motion as to qualified immunity was denied pursuant to *Kingsley v. Hendrickson*, 801 F.3d 828 (7th Cir. 2015), and expressly seeks the Seventh Circuit's *en banc* reversal of *Kingsley* as "wrongly decided." Dkt. 273 at 11.

7. Finally, Defendants fail to show that, for each issue on which they seek an interlocutory appeal, review of that issue now, as opposed to post-judgment, would materially advance the termination of the litigation. To the contrary: allowing Defendants an interlocutory appeal now, and then a second post-judgment appeal, will needlessly delay a decade-old case and derail Plaintiffs' ability to timely complete the litigation of their injunctive and damages claims.

8. It bears mention that Defendants could have sought an interlocutory appeal on each issue pre-trial if they truly thought grounds existed to sustain their burden under the law. Instead, Defendants pursued this case to trial and lost. They cannot now seek two piecemeal appeals simply because the jury found against them. And regardless of resolution of any appeal as to compensatory or punitive damages, Plaintiffs are at least entitled to nominal damages as well as attorney's fees and costs.

9. In sum, Defendants have not satisfied their burden to establish that this already ten-year-old case presents exceptional circumstances warranting piecemeal appeals. To avoid inordinate delay and complication, as well as safeguard party and appellate resources, this Court should find that Defendants have not satisfied their burden to establish exceptional circumstances justifying an interlocutory appeal.

    RESPECTFULLY SUBMITTED,

    /s/ Ruth Brown
    *Attorney for Plaintiffs*

Arthur Loevy
Michael Kanovitz
Jon Loevy
Russell Ainsworth
Ruth Brown
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Ruth Brown, an attorney, certify that on July 5, 2022, I caused the foregoing to be served on all counsel of record via CM/ECF electronic filing.

    /s/ Ruth Brown