IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PATRICIA PHILLIPS, et al., on behalf of themselves and a class of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 12-3087 |
| MELODY HULETT, at al., | ) ) | |
| Defendants. | ) ) | |

## ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is the Defendants' motion to certify certain issues for interlocutory appeal and stay further proceedings on damages [d/e 298]. For the reasons that follow, the Defendants' motion is denied.

Pursuant to 28 U.S.C. § 1292(b), the Defendants seek certification for immediate appeal three questions of law decided in the Court's October 25, 2022, Order denying Defendants' renewed motion for judgment as a matter of law under Federal Rule of Civil

Procedure 50(b) [d/e 289]. The Defendants ask the Court to certify the following issues for immediate appeal:

> (1) Are Defendants entitled to qualified immunity from damages on Plaintiffs' Fourth Amendment claims where those claims were not cognizable in Illinois until the Seventh Circuit overturned its own precedent in this case?
>
> (2) Does a jury verdict for Defendants on Plaintiffs' Eighth Amendment claims over the manner of the strip searches foreclose punitive damages under the Fourth Amendment based on the same searches, where the Eighth Amendment mental state standard is coextensive with the punitive damage standard?
>
> (3) Does the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) (PLRA), bar compensatory damages for any plaintiff incarcerated at the time of filing who has not shown a physical injury from a Fourth Amendment violation, even though that claim is part of a class action?

See d/e 298, at 1-2. The Defendants claim that these damages issues should be resolved now on appeal. Id. If the issues are resolved in the Defendants' favor, moreover, the need to schedule trials to resolve

questions of compensatory and punitive damages for class members would be eliminated.  Id.

The Plaintiff states that, because of the age of this case, the parties should proceed to conducting damages trials in the event that settlement efforts are unsuccessful.  See d/e 300, at 19.  Defendants would have an opportunity to appeal post-judgment.  The Plaintiff asks the Court to set a prompt date for resolution of any pretrial issues.  Id.

Section 1292(b) permits this Court to certify an interlocutory appeal from an order not otherwise appealable.  28 U.S.C. § 1292(b).  To certify an appeal under § 1292(b), the Court must find that (1) the order involves a question of law, (2) the question is controlling in the case, (3) substantial grounds exist for a difference of opinion on that question, and (4) immediate appeal may materially advance the ultimate termination of the litigation.  Id.; Sterk v. Redbox Automated Retail, LLC, 672 F.3d 535, 536 (7th Cir. 2012).

The Court denied on forfeiture grounds the Defendants' qualified immunity defense raised in Defendants' post-trial motion.  See d/e 289, at 13-14.  Because Defendants do not seek to certify

any questions regarding the forfeiture ruling, Defendants proposed Question 1 is not controlling in the case.

Even if the Defendants had sought certification of the Court's forfeiture ruling, that ruling is not a pure question of law that can be resolved without reference to the record. Waiver presents a mixed question of law and fact. See Baker v. Lindgren, 856 F.3d 498, 506 (7th Cir. 2017) (noting the different standards of review for the factual determinations and the legal questions).

The Court also finds that Defendants' proposed Question 2 regarding punitive damages is not a pure question of law. Because the Seventh Circuit would have to consider the factual circumstances and trial evidence in order to adjudicate the issue, the Defendants cannot show that this issue raises a pure question of law.

The Court further finds that resolution of the three questions presented in an interlocutory appeal will not materially advance the ultimate termination of this litigation. This case is almost twelve years old. The Plaintiffs note that, since this case was filed, multiple class members and one class representative have died and other class members have increasing health concerns with age. See d/e 300, at 18. The prior appeal took nearly four years to resolve.

Another interlocutory appeal would result in increased litigation costs for Plaintiffs while also delaying resolution of this case. The memories of class members and other witnesses concerning the 2011 strip searches will continue to fade. Moreover, the likelihood that additional class members do not live to see resolution of this case would increase with an interlocutory appeal. For all of these reasons, the Court concludes certifying the three questions in an interlocutory appeal would not materially advance termination of the litigation.

Based on the foregoing, the Court finds that Defendants have not satisfied the criteria to certify an interlocutory appeal.

For these reasons, the Defendants' motion for certification of questions related to the availability of damages for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay further proceedings on damages [d/e 298] is DENIED.

ENTER: January 4, 2023

    FOR THE COURT:

                              /s/ *Sue E. Myerscough*
                              SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT COURT