## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PATRICIA PHILLIPS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | No.   12-3087 |
| | ) | |
| MELODY HULETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER OF PRELIMINARY APPROVAL

The Court having reviewed and considered Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement filed on August 11, 2023, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement, a copy of which has been submitted with the Motion for Preliminary Approval and the terms of which are incorporated herewith, and all other prior proceedings in these Actions, good cause for this Order having been shown:

**IT IS HEREBY ORDERED:**

1.  The Court finds that the Settlement Agreement is within the range of fairness and reasonableness and grants preliminary approval of it. The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below. Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant preliminary approval, the scheduling of the Fairness Hearing, and the dissemination of Notice to Class Members, each as provided for in this Order.

## Class Certifications

2. For purposes of the Settlement Agreement and for settlement only, the Court preliminarily certifies the following Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3):

    a. The "Settlement Class" is comprised of "All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center."

    b. Excluded from the Settlement Class are the following persons: All persons who have timely elected to opt out of or exclude themselves from the Settlement Class in accordance with the Court's Orders and the terms of the Settlement Agreement.

3. The Court appoints the following Named Plaintiffs as class representatives of the Settlement Class: Plaintiffs Patricia Phillips, Ieshia Brown, Veela Morris, and Miranda Howard are Class Representatives for the Settlement Class.

4. The Court appoints Ruth Brown, Esq., Russell Ainsworth, Esq., and the law firm of Loevy & Loevy, 311 North Aberdeen Street, Third Floor, Chicago, Illinois 60607, to act as class counsel on behalf of the Settlement Class.

5. The Court appoints Rust Consulting, Inc. as Claims Administrator. Rust shall administer the settlement in accordance with the terms and conditions of this Order and the Settlement Agreement.

## Stay Order

6. The Court orders the stay of any pending litigation and enjoins the initiation of any new litigation by any Settlement Class Member in any court, arbitration, or other tribunal that includes any Released Claims (as defined in the Settlement Agreement) against Defendants and the Released Parties (as defined in the Settlement Agreement).

**Form and Timing of Notice**

7. As soon as practicable after entry of this Order of Preliminary Approval, but no later than fourteen (14) days after the entry of the Order, Class Counsel shall provide individual notice via U.S. mail, substantially in the form attached hereto as Exhibit B (the "Notice"), to each member of the Settlement Class identified on the parties' agreed Class List based on Illinois Department of Corrections records, using the last known addresses of those persons.

8. The Court also approves the proposed Proof of Claim substantially in the form of Exhibit D to the Settlement Agreement.

9. The cost of providing the Notice to the Class Members as specified in this Order shall be paid as set forth in the Settlement Agreement.

10. The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the class and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

**Opt Out**

11. Any member of the Settlement Class may opt out of the Settlement Agreement and this Lawsuit in the manner and with the consequences described in the Settlement Agreement, providing that all such elections to opt out must be postmarked or received by the Claims Administrator no later than the Opt-Out/Objection Deadline.

12. The parties shall jointly file with the Court no later than fourteen (14) days prior to the Fairness Hearing a list of all elections to opt out postmarked or received by the Opt-Out/Objection Deadline.

13. Any Class Member who does not file a valid, timely, and complete election to opt out of this Settlement by the Opt-Out/Objection Deadline will be bound by the Stay Order and the Settlement Agreement.

14. Any Class Member who filed a timely and complete election to opt out of this Settlement by the Opt-Out/Objection Deadline may proceed with their own action.

### **Fairness Hearing:  Right to Appear and Object**

15. A Final Settlement and Fairness Hearing (the "Fairness Hearing") shall take place before the undersigned, United States Magistrate Judge Jonathon E. Hawley, in the United States District Court for the Central District of Illinois, 151 U.S. Courthouse, 600 E. Monroe Street, Springfield, Illinois 62701, on Friday, December 8, 2023 at 10:00 a.m., to determine:

(a) Whether the Settlement Agreement, on the terms and conditions provided for the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

(b) Whether the Lawsuit should be dismissed on the merits and with prejudice as to Defendants;

(c) Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of this Lawsuit against Defendants and the Released Parties (as defined in the Settlement Agreement);

(d) Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

(e) Whether the application for incentive awards to Plaintiffs Ieshia Brown, Michelle Clopton, Jacqueline Hegwood, Delores Henry, Miranda Howard, Millie Lee, Veela Morris, Patricia Phillips, Beverly Throgmorton, Sheila Smith, Michelle Wells, and Theresa Williams, should be approved; and

(f) Such other matters as the Court may deem necessary or appropriate.

The Court may finally approve the Settlement Agreement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the Class Members.

16. Any Class Member and any other interested person may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be submitted to the Court in connection with its consideration of those matters, unless within 60 days of the date of entry of this Order (the "Opt-Out/Objection Deadline"), by October 13, 2023, such person:

(a) Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered to the basis therefore, together with any documentation that such person intends to rely upon at the Fairness Hearing; and

(b) Serves copies of all such materials either by hand delivery or by U.S. mail, postage prepaid, upon the Claims Administrator, at the following address:

Lincoln Correctional Center Strip Search Lawsuit
c/o Rust Consulting - 8368
P.O. Box 2599
Faribault, MN 55021-9599

(c)     Class Counsel shall file all papers, including memoranda or briefs in support of the Settlement Agreement, no later than fourteen (14) days prior to the Fairness Hearing.

(d)     Class Counsel shall file any motion for any award of attorneys' fees and reimbursement of expenses no later than fourteen (14) days prior to the Fairness Hearing.

17.     The Court may adjourn the Fairness Hearing without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

18.     Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed in this Order and the Settlement Agreement shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in this Lawsuit.

**Other Provisions**

19.     Neither the Settlement Agreement nor any provision therein, nor any negotiations, settlements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Class Representatives, their counsel, any Class Members, Defendants, the Released Parties (as defined in the Settlement Agreement), or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been asserted in the Lawsuit are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any as an admission or concession or evidence of any liability or wrongdoing of any nature or that Class Representatives, or any Class Members or any person has or has not suffered any damage.

20. In the event that the Settlement Agreement is terminated or is not consummated for any reason that comports with the terms of the Settlement Agreement, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, and without prejudice to the rights of the parties to the Settlement Agreements before it was executed.

IT IS SO ORDERED

DATED: August 14, 2023

    s/ Jonathan E. Hawley
Magistrate Judge Jonathan E. Hawley