# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | | |
|---|---|---|---|
| PATRICIA PHILLIPS, et al., | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| -vs- | ) | No. | 12-3087 |
| | ) | | |
| MELODY HULETT, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

<u>**SETTLEMENT AGREEMENT**</u>

This Settlement Agreement ("Agreement") is entered in this 9th day of August, 2023, by and among Plaintiffs Patricia Phillips, Ieshia Brown, Veela Morris, and Miranda Howard (the "Named Plaintiffs"), on behalf of themselves and the Class defined below, and Defendants Abraham Anderson, Emma Bender, Barb Boch, Andrea Butler, Russell Craig, Dominique Crudup, Benny Dallas, Troy Dawdy, David Dilley, Carlita Edmunson, Renee Hatfield, Andrea Hinton, Melody Hulett, Steven Johner, Wendy Johner, Kim Johnson, Eddie Jones, Brent Kenney, James Killian, Courtney Krull, David Last, Peter Leonetti, Charles Mathias, Alan Pasley, Paul Pfieffer, Russell Reynolds, Brian Rickford, Monica Slater, Stephanie Spaniol, Sheila Van Middlesworth, Michael Van Middlesworth, Shabeda Warden, Jean Marie Case, Justin Hammers, and Steven Ryan (the "Defendants"), by and through their respective counsel. It is hereby agreed between Named Plaintiffs, on behalf of themselves and the Class, and Defendants, that the class action lawsuit entitled *Phillips, et al. v. Hulett, et al.*, Case No. 12-3087 in the United States District Court for the Central District of Illinois ("the Lawsuit"), and all the matters raised therein or that could have been raised therein, are settled, compromised, and dismissed on the merits and with prejudice on the terms and conditions set forth in this Agreement, including the release set forth herein, subject to the approval of the Court.

**RECITALS**

A. On or about March 20, 2012, Plaintiffs filed a class action complaint ("Complaint") asserting legal and equitable claims against Defendants on behalf of a class of persons alleging that Plaintiffs were subjected to an unreasonable and abusive strip search on March 31, 2011 while incarcerated at Lincoln Correctional Center.

B. Plaintiffs filed amended complaints on June 22, 2012 (first amended complaint), August 24, 2012 (second amended complaint), February 28, 2013 (third amended complaint), March 27, 2013 (fourth amended complaint); February 17, 2014 (fifth amended complaint), and March 31, 2014 (sixth amended complaint), each time alleging that a class of persons were subjected to an unreasonable and abusive strip search on March 31, 2011 while incarcerated at Lincoln Correctional Center.

C. On July 29, 2013, the Court certified a "Damages Class," including two subclasses. The Court defined the "Damages Class" as "All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center." The Court defined "Subclass A" as "All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center, and who remain in the custody of the Illinois Department of Corrections since that time." The Court defined "Subclass B" as "All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center, and who were subsequently released from the custody of the Illinois Department of Corrections."

D. On October 21, 2014, the Court certified an "Injunctive Relief Class" defined as "All individuals who are currently incarcerated at Lincoln Correctional Center, and all women who will be incarcerated at Lincoln Correctional Center in the future."

E. Named Plaintiffs, on behalf of themselves and the Class, and Defendants (collectively, the "Settling Parties") recognize that the ultimate outcome in the Lawsuit is uncertain and further recognize that achieving a final result through litigation would require substantial additional risk, time, and expense.

F. Named Plaintiffs, on behalf of themselves and the Class, and their counsel have conducted an extensive investigation and evaluation of the facts and the law relating to the claims asserted in the Lawsuit, the merits of the claims asserted in the Lawsuit, the merits of the defenses raised by Defendants, and have conducted extensive arm's-length negotiations with Defendants before entering into this Agreement.

G. The Settling Parties desire to compromise and settle all issues and claims that have been or could have been brought in the Lawsuit by or on behalf of the Classes certified in this matter.

H. The Settling Parties desire and intend to seek the Court's approval of this Agreement, including a final order and judgment dismissing with prejudice the Lawsuit and the claims of the Class.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Settling Parties, that, subject to the Court's approval, the Lawsuit, and the Released Claims (as defined below) shall be fully compromised with prejudice, subject to and upon the terms and conditions below.

## 1. DEFINITIONS

1.1 Claimant: "Claimant" means a Class Member (as defined below) who submits a timely and valid Claim Form in this Agreement.

1.2 Claims Submission Deadline: "Claims Submission Deadline" means the date 60 days after the entry of the Preliminary Approval Order (which, pursuant to Section 3.2, is 45 days after the

expiration of the time period during which Mailed Notice must be sent to Settlement Class members), except in the case of Settlement Class Members whose Mailed Notice and/or Claim Forms are returned to Class Counsel as undeliverable and for whom Class Counsel re-mails the Mailed Notice and Claim Form to the current address, for whom the postmark deadline for submission of the Claim Form shall be extended by fourteen (14) days (i.e., 74 days after the entry of the Preliminary Approval Order).

1.3    Class Member: "Class Member" means a person within the definition of the Settlement Class.

1.4    Class Counsel: "Class Counsel" means Loevy & Loevy.

1.5    Effective Date: "Effective Date" means, with respect to this Agreement, the later of (a) 30 days after the entry of the final order and judgment, if no motion is filed that extends the time for filing a Notice of Appeal and if no Notice of Appeal is timely filed; (b) if a motion is filed that extends the time for filing an appeal, 30 days after final disposition of such motion if no Notice of Appeal is timely filed; or (c) if a timely appeal is taken from such Final Order and Judgment, the date upon which all appeals, including petitions for review, rehearing or certiorari, and any proceedings resulting therefrom, have been finally disposed of, or the date of the expiration of the time to initiate such petitions or proceedings.

1.6    Notice: "Notice" means the Notice of Proposed Settlement and Right to Opt Out, without material alteration from the form of Exhibit B attached hereto.

1.7    Opt-Out/Objection Deadline: "Opt-Out/Objection Deadline" means the date 60 days after the entry of the Preliminary Approval Order.

1.8    Released Claims: "Released Claims" means any and all claims or causes of action of any nature whatsoever, including but not limited to any claim for violations of federal, state, or other law (whether in contract, tort, or otherwise, including without limitation statutory, common law,

property, and equitable claims), and also including Unknown Claims, that have been or could have been asserted against the Released Parties in the Lawsuit or that arise out of the public group strip search on March 31, 2011 at Lincoln Correctional Center.

1.9    Released Parties: "Released Parties" means Defendants and their agents, heirs, executors, administrators, successors, assigns, associates, and attorneys; the Illinois Department of Corrections; and, the State and its agencies, officials and employees.

1.10    Settlement Class: The "Settlement Class" is comprised of "All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center." The Settlement Class does not include those persons who opt-out in connection with Sections 1.7 above and 3.11 below.

1.11    Termination Date: "Termination Date" shall be defined as set forth in Paragraph 3.13 of this Agreement.

1.12    Unknown Claims: "Unknown Claims" means any and all Released Claims that any Class Member does not know or suspect to exist against any of the Released Parties but which, if known, might have materially altered his or her decision regarding this Agreement.

1.13    Claims Administrator refers to Rust Consulting, Inc.

## 2. TERMS OF THE AGREEMENT

2.1    Certification for Settlement Purposes. On July 29, 2013, over Defendants' objection, the Court granted Plaintiffs' motion for class certification and certified a damages class. On October 21, 2014, the Court certified an injunctive relief class. Solely for purposes of implementing this Agreement and effectuating the settlement, Defendants stipulate that the Court may enter an Order certifying the Settlement Class as defined above in Paragraph 1.10; appointing Named Plaintiffs Patricia Phillips, Ieshia Brown, Veela Morris, and Miranda Howard (the "Named Plaintiffs"), as representatives of the Settlement Class; and appointing Loevy & Loevy as Class Counsel for the

Settlement Class. Solely for the purpose of implementing this Agreement and effectuating the settlement, Defendants stipulate that the Named Plaintiffs are adequate representatives of the Settlement Class. No agreements made by Defendants in connection with this Agreement may be used by Plaintiffs, any Class Member, or any other person to establish any of the elements of class certification other than for Settlement purposes. Preliminary certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor are Defendants stopped from challenging class certification in further proceedings in this Lawsuit or any other action if the Agreement is not finalized or finally approved. If this Agreement is not approved, the Parties shall be returned to the status quo ante as of April 4, 2023, for all litigation purposes, as if this Agreement had not been negotiated or entered into.

2.2     Named Plaintiffs Believe Settlement Is Fair And Reasonable. Named Plaintiffs believe the Released Claims have merit, but recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Released Claims through trial and appeals. Also, Named Plaintiffs have taken into account the uncertain outcome and the risk of litigation, especially in complex actions such as the Lawsuit, and the difficulties and delays inherent in such litigation. Named Plaintiffs are mindful of the problems of proof under and possible defenses to, the Released Claims. Named Plaintiffs believe this Agreement will confer substantial benefit upon the Class. Based on their evaluation of these factors, Named Plaintiffs have determined that this Agreement is in the best interest of the Class and is fair and reasonable.

2.3     Defendants' Denial of Liability. Defendants deny all claims asserted in the Lawsuit, deny all allegations of wrongdoing and liability, and have denied the material allegations and asserted numerous defenses. Defendants nevertheless desire to settle the Lawsuit on the terms and conditions in this Agreement, for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation and for the purpose of putting to rest the controversies engendered by those

actions. Nothing in this Agreement shall be construed as an admission or concession by Defendants of the allegations raised in this Lawsuit, of any fault, wrongdoing, or liability of any kind.

2.4    Payment by Defendants. Within 14 days after the Effective Date, and only in the event that the Effective Date occurs, Defendants will submit all necessary paperwork to the Comptroller of the State of Illinois requesting that a warrant payable to Class Counsel be issued for no more than Three Million Dollars ($3,000,000.00), which will further be distributed by Class Counsel pursuant to Paragraphs 2.5, 2.6, 2.7, and 3.4. The Settling Parties understand that the Payment by Defendants is subject to the availability of funds in the State Treasury and Defendants may move the Court for reasonable extensions upon good cause shown. This payment shall constitute full satisfaction of any claim for fees, expenses and/or costs. Named Plaintiffs and Class Counsel, on behalf of themselves and all Class Members, agree that they shall not seek nor be entitled to any additional attorneys' fees or costs from Defendants. The Settling Parties understand that the Payment by Defendants is subject to the operations of the State Comptroller's office in processing vouchers for payment and withholding funds that Plaintiffs may owe to other persons or to state agencies, except that it is expressly agreed that IDOC and the Office of the Illinois Attorney General waive any statutory right they may have to recover, or withhold, any portion of the settlement payment hereunder for any costs of incarceration for any Plaintiffs. Plaintiffs may contest the validity of these claims through applicable state procedures. Class Counsel shall provide counsel for Defendants with the pertinent taxpayer identified number for Loevy & Loevy and a Form W-9 for reporting purposes and any other documents reasonably requested to effectuate payment. Other than any reporting of this payment as required by this Agreement or law, the Claims Administrator and Plaintiffs shall alone be responsible for the reporting of any federal, state, and/or local income or other form of tax on any payment and/or distribution made pursuant to Paragraphs 2.5, 2.6, 2.7, and 3.4. Except as specifically provided in this Agreement, Defendants

shall not be liable or responsible for any of the attorneys' fees, expenses, or costs of any Plaintiff, Class Representative, or Class Member.

2.5     Benefits Provided To The Class. Each Claimant in the Settlement Class who submits a valid, timely, and verifiable Proof of Claim Form, attached hereto as Exhibit D, will receive a distribution from the Claims Administrator. The amount of the distribution shall be as follows and shall depend on how many timely and valid Claim Forms are submitted and the amount of any Incentive Payments. Assuming that 85% of Class Members submit valid and timely claim forms, the estimated payment received pursuant to this section will be approximately $7,535. Checks will be valid for 120 days from the date on the check.

2.6     Class Representative and Testifying Class Member Incentive Awards. Subject to approval by the Court, current and former Class Representatives, and class members who testified or appeared to testify without being called at the first and second trials in this case, will each be eligible for an additional award for services provided to the class and in recognition of the time, effort, and substantial benefits conferred to the Settlement Classes as a result of their involvement. The incentive awards depend on length of representation of the class, whether a class member was called to testify, and whether a class member appeared at trial to testify without being called. Such incentive awards shall not affect the recipients' right to seek payment as a Settlement Class Member. The total incentive awards will not exceed the following ($119,000 in total) and are subject to approval by the Court:

        Ieshia Brown: $15,000
        Michelle Clopton: $2,000
        Jacqueline Hegwood: $10,000
        Delores Henry: $15,000
        Miranda Howard: $10,000
        Millie Lee: $10,000
        Veela Morris: $10,000
        Patricia Phillips: $15,000
        Beverly Throgmorton: $10,000
        Sheila Smith: $2,000

Michelle Wells: $10,000
Theresa Williams: $10,000

Upon receipt of valid Proof of Claim forms from each of these class members, after receipt of the warrant described in Paragraph 2.4, and only in the event that the Effective Date occurs and that the Court approves the request for incentive awards, the Claims Administrator will cause to be forwarded a check payable to each class member listed in this Paragraph in their personal capacity only, in the amount approved by the Court. This payment shall be compensation and consideration for their efforts in the Lawsuit. Checks will be valid for 120 days from the date on the check.

2.7    Attorneys' Fees And Expenses: After agreeing to a resolution regarding class relief set forth in Sections 2.5 and 2.6 above, the Settling Parties negotiated and agreed that Class Counsel could file a petition for attorneys' fees and expenses in an amount that, when combined with the Benefits Provided To The Class in Section 2.5 and the Class Representative and Testifying Class Member Incentive Awards in Section 2.6, shall not exceed $3,000,000.00. Class Counsel shall seek from the Court a reimbursement of out-of-pocket costs and expenses incurred to date in this matter; reimbursement of out-of-pocket costs and expenses that will be incurred in administration of the settlement, including costs of the Claims Administrator; and attorneys' fees for all services heretofore expended by Class Counsel, up to and including the execution of this Settlement Agreement and the services to be performed by Class Counsel in effectuating this Settlement Agreement (collectively hereinafter, the "Attorneys' Fee Award"), in a petition that shall be filed no later than 14 days prior to the date of the Fairness Hearing. Class Counsel shall receive from the Settlement Fund the amount of attorneys' fees and costs approved by the Court. Defendants do not and shall not oppose the amounts sought in Class Counsel's petition for the Attorneys' Fee Award or the petition that, when combined with the Benefits Provided to the Class and the Class Representative Incentive Award, does not exceed $3,000,000.00. Plaintiffs and Class Counsel agree that they shall be responsible for justifying the amount of attorneys' fees and expenses to the

Court. The final determination of the Attorneys' Fee Award will be decided by the Court during the Final Approval Hearing. The terms of this Agreement are not conditioned upon any minimum or maximum Attorneys' Fees Award, or upon the payment of any Incentive Award or claims payment to any Named Plaintiffs. The Named Plaintiffs and Class Counsel do not condition their willingness to enter into, or perform under, this Settlement Agreement on any agreement or accord regarding the attorneys' fees or costs of Class Counsel, or the Incentive Awards. All Parties agree that in no event shall Defendants be obliged to pay to Plaintiffs, any Class Member, or Class Counsel, or counsel for any Class Member any amount in excess of the total amount awarded by the Court in connection with this Lawsuit in the Order of Final Approval. Defendants will have no obligation to pay attorneys' fees, expenses, costs, Benefits Provided to the Class, or Class Representative Incentive Awards, or any other payments beyond the lesser of the amount ordered by the Court in the Order of Final Approval or $3,000,000.00 paid to Section 2.4 of this Agreement. Class Counsel represents and warrants that all other legal counsel for the Named Plaintiffs, and any other legal counsel for Plaintiffs that are presently known to Class Counsel, in the Lawsuit, if any, who are entitled to any part of the attorneys' fees or costs shall be compensated from the amount awarded by the Court to Class Counsel.

2.8    Notice and Administrative Costs. Plaintiffs shall bear all costs and expenses in connection with providing notice to the Class Members in the Settlement Class, as described in 3.2 below, subject to seeking reimbursement from the Settlement Fund as addressed in 2.7, except that Defendants shall bear the cost of skip-tracing addressed in 3.2 below.

2.9    Costs Not Identified In This Agreement. Under no circumstances shall Defendants be requested and/or required under this Agreement to incur or pay any fees, expenses, costs, or other payments that Defendants are not explicitly obligated to incur and/or pay herein. Under no circumstances shall Class Counsel or Class Members be requested and/or required under this

Agreement to incur or pay any fees, expenses, costs, or other payments that they are not explicitly obligated to incur and/or pay herein.

2.10    Remaining Funds. Money paid by Defendants pursuant to Section 2.4 that has not been distributed following the expiration of checks set forth in Sections 2.5 and 2.6 above, shall be paid as *cy pres*, split equally, to the Illinois Prison Project of Restore Justice and Chicago Legal Advocacy for Incarcerated Mothers ("CLAIM").

## 3.  SETTLEMENT APPROVAL AND NOTICE PROCESS

3.1    Preliminary Approval of This Agreement. On or before August 11, 2023, the Settling Parties shall file this Agreement with the Court and move for preliminary approval of this Agreement. Through this submission, Class Counsel will request that the Court enter the Preliminary Approval Order substantially in the form attached hereto as Exhibit A, preliminarily approving this Agreement, approving and authorizing the providing of the Notice, substantially in the form attached hereto as Exhibit B, and thereby scheduling the Fairness Hearing for the purpose of determining the fairness, adequacy, and reasonableness of this Agreement, granting final approval of this Settlement Agreement, and entering the Final Order and Judgment.

3.2    Notice To The Settlement Class. Within 14 days after the entry of the Preliminary Approval Order, Class Counsel shall provide individual notice via U.S. Mail, substantially in the form attached hereto as Exhibit B (the "Notice") to the last known address of each member of the Settlement Class. Prior to the finalization of this agreement, Defendants used reasonable efforts to provide last known addresses for the Settlement Class to Class Counsel and to identify any Settlement Class members who are currently in the custody of the Illinois Department of Corrections, such that the notice may be mailed to the Settlement Class members at their last known address or at the respective individual facility at which they are being held. If, as a result of the mailing, a forwarding address is provided by the Postal Service, but the Mailed Notice is

not forwarded by the Postal Service, Class Counsel will re-mail the Mailed Notice to the forwarding address. In the event that any such Mailed Notice is returned as undeliverable a second time, no further mailing shall be required. Class Counsel shall notify Defendants of any individual Notice which is returned as undeliverable. For each Notice which is returned as undeliverable, Defendants, within 14 days of receipt of notice from Class Counsel of the undeliverable mail, shall conduct a skip-trace, one time only, by obtaining an address from a State database and checking whether that person is currently in the custody of the Illinois Department of Corrections and provide any address information to Class Counsel for Class Counsel to re-mail notice.

3.3     Declaration That Notice Was Provided. No later than 14 days before the Fairness Hearing, the Settling Parties shall file with the Court a declaration or declarations verifying that Notice has been provided as described in Paragraph 3.2 above.

3.4     Administration And Distribution of Benefits. Class Counsel will administer distribution of benefits pursuant to this Agreement. For Settlement Class Members to be eligible for the benefits described above, Settlement Class Members must present their claims by completing and returning a Claim Form to the Claims Administrator prior to the Claims Submission Deadline. Claim Forms must be signed by the Settlement Class Member, except that Claim Forms may be submitted on behalf of a Settlement Class Member by (1) the executor or administrator of a deceased Settlement Class Member's estate or an heir of a deceased Class Member, (2) the legal guardian of a Settlement Class Member who has been declared incompetent, or (3) a person with a valid Power of Attorney from the Settlement Class Member. Prior to the execution of this agreement, the Parties have agreed on a list of members of the Settlement Class ("Class List") based upon a careful analysis of the Illinois Department of Corrections records produced by Defendants in this litigation and have used that list to determine the list of individuals who fall into the Settlement Class, which is being submitted to the Court and Claims Administrator under seal, to be maintained

confidentially, as Exhibit E. For purposes of determining eligibility and membership in the Settlement Class, Defendants agree to search Offender 360 for the housing assignment of up to 50 persons who submit claim forms and who do not appear on the Class List to attempt to verify whether those persons are members of the Settlement Class; however, the information in the Class List shall presumptively control. The Claims Administrator and Class Counsel shall have no obligation to honor claims if the information in the Class List and a search of Offender 360 indicates that the Claimant is not eligible for payment. The Claims Administrator and Class Counsel shall have no obligation to honor claims received after the Claims Submission Deadline even if such Claims otherwise would be valid. Defendants reserve the right to verify all claims before the Claims Administrator disburses the Settlement benefits described in this Agreement. The Settling Parties, jointly, will be the arbiter of the validity of any claim. Any disagreements between the Settling Parties shall be resolved by the Court. The Court's decision shall be final, binding, and non-appealable. The Claims Administrator shall distribute benefits pursuant to this Agreement within the later of 60 days after the Claims Submission Deadline or the issuance of a warrant for $3,000,000.00 to Class Counsel by the State of Illinois Comptroller, whichever is later, except that the Claims Administrator shall not distribute any benefits to any Settlement Class Member who excluded themselves from this Agreement or whose claim was denied by the Settling Parties or the Court.

3.5 <u>Website</u>. Class Counsel shall maintain a website for this settlement that shall include, at a minimum, copies of the Settlement Agreement (including exhibits), the Mailed Notice, the Claim Form, and the Preliminary Approval Order, and may be amended as appropriate during the course of the settlement as agreed to by the Parties, the Illinois Department of Corrections, and the Illinois Attorney General's Office.

3.6    Class Members and Claimant's Queries.    The Claims Administrator will respond to inquiries from Class Members about this Agreement in accordance with the content of the Mailed Notice, the Claim Form, and this Settlement Agreement. Calls directed toward Class Counsel and Defendants' counsel will be directed towards the Claims Administrator, except that Class Counsel may speak with Class Members to provide legal advice or assistance with Claims Forms. If the Claims Administrator is uncertain how to respond to an inquiry, and the inquiry involves a Class Member whose name appears on the Class List, the Claims Administrator shall provide notice to Class Counsel, who will respond to the inquiry.

3.7    Claimant's Tax Liability. Each Class Member shall remain liable for any individual tax liability, including penalties and interest, arising out of any disbursement made by the Claims Administrator to the Class Member pursuant to the terms of this Agreement. The Claims Administrator will be responsible for all tax withholding and reporting as required by law, including for issuing any necessary IRS 1099 form(s) to Settlement Class Members.

3.8    Objection To This Agreement. Any Class Member who wishes to object to the fairness of this Agreement must, by the Opt-Out/Objection Deadline, file any such objection with the Court, and provide copies of the objection to the Claims Administrator at the following address:

> Lincoln Correctional Center Strip Search Lawsuit
> c/o Rust Consulting - 8368
> P.O. Box 2599
> Faribault, MN 55021-9599

The Claims Administrator will notify Class Counsel and Defendants of the receipt of any objection to this Agreement received from any Class Member within two (2) business days of receipt.

3.9    Required Information For Objection. Any objection to this Agreement must include all of the following:

    a.  a reference to the Lincoln Correctional Center Strip Search Lawsuit, Case No. 12-3087;

    b.  the objector's full name, address, and telephone number (if any);

c. a written statement of all grounds for the objection, accompanied by any legal support;

d. copies of any papers, briefs, or other documents upon which the objection is based;

e. a list of all persons who will be called to testify in support of the objection;

f. a statement of whether the objector intends to appear at the Fairness Hearing (defined below);

g. if the objector intends to appear at the Fairness Hearing through counsel, the objector must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing; and

h. the Class Member's signature.

3.10    Untimely, Invalid, Or Inadequate Objections. Any Class Member who does not file a valid and timely written objection to this Agreement shall be foreclosed from seeking any adjudication or review of this Agreement by appeal or otherwise, and any Class Member who does not file a timely notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from speaking at the Fairness Hearing.

3.11    Request For Exclusion. Any Class Member in the Settlement Class who wishes to be excluded as a Class Member must comply with the terms set forth in the Settlement Agreement and the Mailed Notice and mail to the Claims Administrator an appropriate and timely request for exclusion, which must be received by the Claims Administrator no later than 60 days after the entry of the Preliminary Approval Order (which, pursuant to Section 3.2, is 45 days after the expiration of the time period during which Mailed Notice must be sent to Settlement Class members). To be effective, the exclusion request must: (a) include the Class Member's full name, address, and the Class Member's telephone number (if any); (b) specifically state the Class Member's desire to be excluded as a Class Member in the Lincoln Correctional Center Strip Search Settlement, Case No. 12-3087; and (c) include the Class Member's signature. The Claims

Administrator will notify Class Counsel and Defendants of the receipt of any request for exclusion received from any Class Member within two (2) business days of receipt.

3.12    Failure to Request Exclusion. Any Class Member who does not submit a valid and timely exclusion request shall be subject to and bound by this Agreement, including the Release of Class Members' claims, and every order or judgment entered pursuant to this Agreement, even if they never received actual notice of the Action or this Agreement.

3.13    Termination Right. Defendants may, solely at their option, terminate this Agreement if 15% or more members of the Settlement Class file valid and timely requests for exclusions. If Defendants so elect, the date Defendants make that election shall be the Termination Date. Defendants may exercise this right within 14 business days after the Opt-Out/Objection Deadline. To invoke this right to nullification, Defendants must file with this Court and serve on Class Counsel (by e-mail and U.S. Mail) a document expressly entitled Notice of Nullification of Settlement. The Notice of Nullification of Settlement must state the basis for nullification and provide an affidavit with sufficient factual details to establish Defendants' right to nullify. Neither Plaintiff nor any Class Member shall be permitted to seek enforcement of this Agreement or any of its terms against Defendants should Defendants elect to nullify this agreement. In that event, all negotiations and proceedings related to the settlement will be without prejudice of the rights of the Parties, and evidence of the settlement, negotiations, and proceedings will be inadmissible and will not be discoverable.

3.14    Fairness Hearing. On the date set forth in the Preliminary Approval Order, which shall be set by the Court for approximately 45 days after the Opt-Out/Objection Deadline, a Fairness Hearing will be held, at which the Court will decide (a) whether to approve this Agreement as fair, reasonable, and adequate; and (b) whether to grant the attorneys' fees and cost award and application for an incentive award to Plaintiffs. At least 14 days before the Fairness Hearing and

consistent with the rules imposed by the Court, Plaintiffs shall move the Court for entry of the Final Approval (and the associated entry of Judgment). Also 14 days before the Fairness Hearing, the Class Counsel shall file a Motion for Fees and Costs, consistent with this Agreement and with Paragraphs 2.5, 2.6, and 2.7 in particular. To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Fairness Hearing. The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval. If the Court rejects in whole or in part this Agreement, fails to enter the Order of Final Approval, or fails to enter the Final Order and Judgment, either party can void this Agreement, and Defendants shall have no obligations to make any payments under this Agreement.

3.15    <u>Final Order and Judgment</u>. If the Court approves this Agreement, a Final Order and Judgment shall be entered substantially in the form attached hereto as Exhibit C.

3.16    <u>List of Objectors and Excluded Class Members</u>. No later than 14 days after the Opt-Out/Objection Deadline, the Claims Administrator shall prepare and serve upon Defendants and Class Counsel a list of all persons who objected to the Settlement and a list of all persons who have timely excluded themselves from the Settlement Class.

3.17    <u>Release of Class Members' Claims</u>. Upon the Effective Date, Plaintiffs and each Class Member who did not timely exclude themselves from the Class, including any other person acting on their behalf or for their benefit, shall be deemed to have, and by operation of the Final Order and Judgment shall have released, waived, and discharged the Released Parties from the Released Claims as defined above to the fullest extent permitted by law. Plaintiffs or Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs and each Class Member, upon the Effective Date of the Settlement, shall be deemed to have, and by operation of

the Final Order and Judgment fully, finally, and forever settled, released, and discharged the Released Parties from any and all Released Claims, including any Unknown Claims.

## 4. MISCELLANEOUS PROVISIONS

4.1    <u>Headings</u>. The headings in this Agreement are for reference purposes only and have no independent meaning.

4.2    <u>Effect of Exhibits</u>. The exhibits to this Agreement are an integral part of this Agreement and are expressly incorporated and made part of this Agreement.

4.3    <u>No Admission</u>. This Agreement is for settlement purposes only. Neither the fact of, nor any provision contained in the Agreement, nor any action taken hereunder, shall constitute or be construed as any admission of the validity of any claim or any fact alleged in the Lawsuit and/or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants or any admissions by Defendants of any claim or allegation made in any action or proceeding against Defendants. If this Agreement is terminated and becomes null and void for any reason, this Agreement shall have no further force or effect with respect to any party to the Lawsuit and shall not be offered in evidence or used in the Lawsuit or any other proceeding against any party. This Agreement shall not be offered or be admissible in evidence against Defendants or cited or referred to in any action or proceeding, except in an action or proceeding brought to enforce its terms. Information provided by Defendants to Plaintiffs and Class Counsel in connection with negotiation of this Agreement is for settlement purposes only and shall not be used or disclosed for any other purpose whatsoever.

4.4    <u>Entire Agreement</u>. This Agreement represents the entire agreement and understanding among the Settling Parties and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this Agreement, and all negotiations, considerations, and representations between the Parties have been incorporated and merged herein

and may not be contradicted by evidence of any prior or contemporaneous agreement, arrangement, understanding, representation, or negotiation (whether oral or written). The Settling Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement. No modification or waiver of any provisions of this Agreement shall in any event be effective unless the same shall be in writing and signed by the person against whom the enforcement of the Agreement is sought and with the approval of the Illinois Attorney General. All the Settling Parties hereto shall be considered to be the drafters of this Agreement, and it shall not be interpreted or construed more favorably for any party.

4.5     Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any party who signed it, and all of which shall be deemed a single agreement. Signatures transmitted by e-mail shall have the same effect as original ink signatures.

4.6     Arm's-Length Negotiations. The Settling Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms, conditions, and exhibits in their exact form are material and necessary to this Agreement and have been relied upon by the Settling Parties in entering into this Agreement.

4.7     Continuing Jurisdiction. The Court shall retain continuing and exclusive jurisdiction over the Settling Parties to this Agreement, including all Class Members, for the purpose of the administration and enforcement of this Agreement, until all aspects of this Agreement are fully resolved.

4.8    Binding Effect of Settlement Agreement. This Agreement shall be binding upon and inure to the benefit of the Settling Parties, including the members of the Settlement Class, and their representative, heirs, successors, and assigns.

4.9    Extensions of Time. The Settling Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement without further notice (except that extensions of Court-set deadlines and dates will be subject to Court approval).

4.10   Service of Notice.

Whenever under the terms of this agreement, a person is required to provide service or written notice to the Claims Administrator, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other Settling Parties in writing:

> Lincoln Correctional Center Strip Search Lawsuit
> c/o Rust Consulting - 8368
> P.O. Box 2599
> Faribault, MN 55021-9599

Whenever under the terms of this agreement, a person is required to provide service or written notice to Defendants or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other Settling Parties in writing:

| For the Class: | For the Defendants: |
|---|---|
| Ruth Brown | Laura K. Bautista, Assistant Chief Deputy |
| Loevy & Loevy | Office of the Illinois Attorney General |
| 311 N. Aberdeen St., 3rd Floor | 500 South Second Street |
| Chicago, IL 60607 | Springfield, IL 62701 |

4.11   Authority to Execute Agreement. Each counsel or other person executing this Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so.

4.12   Non-Approval of Settlement. This agreement is conditioned upon final approval without material modification by the court. If this agreement is not so approved, then: (a)  either party may elect to return to the status quo ante as of April 4, 2023, for all litigation purposes, as if this Agreement had not been negotiated or entered into; and (b) this Agreement including its exhibits, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission of any kind of evidence: (1) of any violation of any constitutional right, statute, law, or regulation; (2) of any liability or wrongdoing by Defendants; (3) of the truth of any of the claims or allegations made in the Lawsuit; or (4)  concerning the value of any claims by Plaintiffs or the Class Members. If this agreement is approved without material modification by the court, but is later reversed, modified, or vacated on appeal, either party shall have the right to withdraw from this Agreement and return to the status quo ante as of April 4, 2023, for all litigation purposes, as if this Agreement had not been negotiated or entered into.

4.13   Governing Laws.  This Agreement shall be construed in accordance with the laws of the State of Illinois.

4.14   Dates and Timing. Notwithstanding the terms of this Agreement to the contrary, if any date upon which an action is required by this Agreement falls on a Saturday, Sunday, or federal or state holiday, such date shall be advanced to the following Monday or next available business day, as the case may be. The parties shall not be liable for any delay or non-performance of their obligations under this Agreement arising from an act of God, governmental act, act of terrorism, war, fire, flood, explosion, or civil commotion.

4.15   Sovereign Immunity. This Agreement shall not be construed to constitute a waiver of sovereign immunity of the State of Illinois or the Illinois Department of Corrections.

   IN WITNESS HEREOF, the Settling Parties have caused this Settlement Agreement to be executed as of August 9, 2023.

ON BEHALF OF PATRICIA PHILLIPS, IESHIA BROWN, VEELA MORRIS, AND MIRANDA HOWARD, AND THE CLASS:

By:    Ruth Brown
       Loevy & Loevy
       311 N. Aberdeen St., 3rd Floor
       Chicago, IL 60607

ON BEHALF OF DEFENDANTS ABRAHAM ANDERSON, EMMA BENDER, BARB BOCH, ANDREA BUTLER, RUSSELL CRAIG, DOMINIQUE CRUDUP, BENNY DALLAS, TROY DAWDY, DAVID DILLEY, CARLITA EDMUNSON, RENEE HATFIELD, ANDREA HINTON, MELODY HULETT, STEVEN JOHNER, WENDY JOHNER, KIM JOHNSON, EDDIE JONES, BRENT KENNEY, JAMES KILLIAN, COURTNEY KRULL, DAVID LAST, PETER LEONETTI, CHARLES MATHIAS, ALAN PASLEY, PAUL PFIEFFER, RUSSELL REYNOLDS, BRIAN RICKFORD, MONICA SLATER, STEPHANIE SPANIOL, SHEILA VAN MIDDLESWORTH, MICHAEL VAN MIDDLESWORTH, SHABEDA WARDEN, JEAN MARIE CASE, JUSTIN HAMMERS, AND STEVEN RYAN :

By:    Laura K. Bautista, Assistant Chief Deputy
       Office of the Illinois Attorney General
       500 South Second Street
       Springfield, IL 62701

By:    Robert Fanning, Chief Legal Counsel
       Illinois Department of Corrections
       1301 Concordia Court
       Springfield, IL 62794

ON BEHALF OF PATRICIA PHILLIPS, IESHIA BROWN, VEELA MORRIS, AND MIRANDA HOWARD, AND THE CLASS:


By:    Ruth Brown
       Loevy & Loevy
       311 N. Aberdeen St., 3rd Floor
       Chicago, IL 60607

ON BEHALF OF DEFENDANTS ABRAHAM ANDERSON, EMMA BENDER, BARB BOCH, ANDREA BUTLER, RUSSELL CRAIG, DOMINIQUE CRUDUP, BENNY DALLAS, TROY DAWDY, DAVID DILLEY, CARLITA EDMUNSON, RENEE HATFIELD, ANDREA HINTON, MELODY HULETT, STEVEN JOHNER, WENDY JOHNER, KIM JOHNSON, EDDIE JONES, BRENT KENNEY, JAMES KILLIAN, COURTNEY KRULL, DAVID LAST, PETER LEONETTI, CHARLES MATHIAS, ALAN PASLEY, PAUL PFIEFFER, RUSSELL REYNOLDS, BRIAN RICKFORD, MONICA SLATER, STEPHANIE SPANIOL, SHEILA VAN MIDDLESWORTH, MICHAEL VAN MIDDLESWORTH, SHABEDA WARDEN, JEAN MARIE CASE, JUSTIN HAMMERS, AND STEVEN RYAN :


By:    Laura K. Bautista, Assistant Chief Deputy
       Office of the Illinois Attorney General
       500 South Second Street
       Springfield, IL 62701


By:    Robert Fanning, Chief Legal Counsel
       Illinois Department of Corrections
       1301 Concordia Court
       Springfield, IL 62794

ON BEHALF OF PATRICIA PHILLIPS, IESHIA BROWN, VEELA MORRIS, AND MIRANDA HOWARD, AND THE CLASS:

By:     Ruth Brown
        Loevy & Loevy
        311 N. Aberdeen St., 3rd Floor
        Chicago, IL 60607

ON BEHALF OF DEFENDANTS ABRAHAM ANDERSON, EMMA BENDER, BARB BOCH, ANDREA BUTLER, RUSSELL CRAIG, DOMINIQUE CRUDUP, BENNY DALLAS, TROY DAWDY, DAVID DILLEY, CARLITA EDMUNSON, RENEE HATFIELD, ANDREA HINTON, MELODY HULETT, STEVEN JOHNER, WENDY JOHNER, KIM JOHNSON, EDDIE JONES, BRENT KENNEY, JAMES KILLIAN, COURTNEY KRULL, DAVID LAST, PETER LEONETTI, CHARLES MATHIAS, ALAN PASLEY, PAUL PFIEFFER, RUSSELL REYNOLDS, BRIAN RICKFORD, MONICA SLATER, STEPHANIE SPANIOL, SHEILA VAN MIDDLESWORTH, MICHAEL VAN MIDDLESWORTH, SHABEDA WARDEN, JEAN MARIE CASE, JUSTIN HAMMERS, AND STEVEN RYAN :

By:     Laura K. Bautista, Assistant Chief Deputy
        Office of the Illinois Attorney General
        500 South Second Street
        Springfield, IL 62701

By:     Robert Fanning, Chief Legal Counsel
        Illinois Department of Corrections
        1301 Concordia Court
        Springfield, IL 62794