IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PATRICIA PHILLIPS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | No.    12-3087 |
| | ) | |
| MELODY HULETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF FINAL APPROVAL AND FINAL JUDGMENT**

On August 14, 2023, the Court entered its Order Granting Preliminary Approval of Class Action Settlement and Directing Notice to Settlement Classes. After notice was sent to the Settlement Class, this Court held a Final Approval Hearing on December 8, 2023.

This matter is before the Court upon Plaintiffs' Motion for Final Approval of Class Action Settlement. The Court, having carefully reviewed the Settlement Agreement between the Parties, the Motion for Final Approval of Class Action Settlement, and all papers submitted in connection with the proposed settlement, and having considered all arguments of counsel and objectors; finds that the Parties have evidenced full compliance with the Preliminary Approval Order, and that there are substantial and sufficient grounds for entering this Order Granting Final Approval of Settlement and Final Judgment ("Final Order and Judgment"). The Court therefore orders that Plaintiffs' Motion for Final Approval of Class Action Settlement is granted, directs the Parties and their counsel to implement and consummate the Settlement Agreement, and directs the administration of the settlement in accordance with the terms and provisions of the Settlement Agreement.

IT IS THEREFORE ORDERED as follows:

A. The Court has federal subject matter jurisdiction of this Action and jurisdiction to approve the settlement.

B. Pursuant to Federal Rule of Civil Procedure 23, the Court finds that (a) members of the Settlement Class are so numerous as to make joinder of all members impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class they represent; (d) the Named Plaintiffs and Class Counsel fairly and adequately protected and will continue to protect the interests of the members of the Settlement Class; (e) questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

C. The Court therefore finds that the requirements for certifying a settlement class have been met and are appropriate under the circumstances of this case pursuant to Federal Rule of Civil Procedure 23(b)(3). The Court certifies, for settlement purposes only, the following Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3):

    a. The "Settlement Class" is comprised of "All individuals who were subjected to the March 31, 2011 public group strip search at Lincoln Correctional Center."

    b. Excluded from the Settlement Class are the following persons: All persons who have timely elected to opt out of or exclude themselves from the Settlement Classes in accordance with the Court's Orders and the terms of the Settlement Agreement.

D. The Court finds that the Notice that has been provided to the Class Members as required by Rule 23(e) of the Federal Rules of Civil Procedure was adequate and sufficient and

constitutes the best notice practicable under the circumstances and satisfies Rule 23(e) and due process.

  E. The Court finds that the Settlement Agreement (attached as Motion for Preliminary Approval of Settlement Agreement, ECF 316-2, exhibit 1, hereafter "Settlement Agreement" or "Agreement") was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the Class Representatives.

  F. The Court finds that the settlement is fair, reasonable, and adequate to the Named Plaintiffs and to each member of the Settlement Class, and in their best interests in light of the risks, complexity, expense, and duration of the litigation, and in full compliance with all requirements of due process and federal law. The settlement is finally approved in all respects.

  G. The Court finds that Class Counsel and the Named Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement. The Court further finds that Rust Consulting, Inc., the Court-appointed Claims Administrator, has met all requirements of the Court as set forth in the Preliminary Approval Order and Settlement Agreement.

  H. Opt-Outs: The Court finds that there have been no objections.

  I. Exclusions: The Court finds that there have been no opt-outs from the Settlement Class and as a result, all persons within the definition of the Settlement Class are bound by the Settlement Agreement.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.
2. The parties are directed to consummate the Settlement Agreement according to its terms.

3. Plaintiffs who submit timely Claim Forms are awarded Incentive Awards as follows: Ieshia Brown: $15,000; Michelle Clopton: $2,000; Jacqueline Hegwood: $10,000; Delores Henry: $15,000; Miranda Howard: $10,000; Millie Lee: $10,000; Veela Morris: $10,000; Patricia Phillips: $15,000; Beverly Throgmorton: $10,000; Sheila Smith: $2,000; Michelle Wells: $10,000; Theresa Williams: $10,000.

4. Class Counsel's petition for reimbursement of costs and expenses of $125,000 and attorney's fees of $1,475,000 is granted.

5. Additional distributions from the Settlement Fund, including as *cy pres*, shall be made in accordance with the terms of the Settlement Agreement.

6. The Court hereby dismisses the Action with prejudice and without fees or costs except as expressly provided in the Settlement Agreement; except that, by consent of the Parties, the Court shall retain continuing and exclusive jurisdiction over the Settling Parties to this Agreement, including all Class Members, for the purpose of the administration and enforcement of this Agreement, and shall retain jurisdiction over this Action until all aspects of the settlement of this Action are fully resolved. Except as set forth expressly in this Paragraph, the case is dismissed with prejudice upon entry of this Final Order and Judgment.

IT IS SO ORDERED.

DATED: 12/8/23

Magistrate Judge Jonathon E. Hawley